No. 105.—PIERRE A. DUBUYS *v.* P. A. & W. W. FARMER.

In a suit to make the indorser of a promissory note liable the holder may, under the allegation that due notice has been given, introduce parol evidence showing that demand has been made and notice given. The fact that protest has been made and notice given by the notary, does not preclude the holder from introducing other evidence of notice.

The acts of the Legislature of 1855 and 1858, declaring that on all bills and notes made negotiable by law or custom, three days of grace shall be allowed, do not repeal or modify the general law merchant, which allows three days of grace on non-negotiable, as well as negotiable notes. Therefore notice to the indorser of a non-negotiable note is in time, if given at the expiration of the three days of grace allowed by the law merchant.

APPEAL from the Fourteenth District Court, parish of Ouachita. *Ray,* J. *Richardson & McEnery,* for plaintiff and appellee. *W. W. Farmer in pro. per. Garrett & Garrett,* for defendant and appellant.

WYLY, J. The defendant, W. W. Farmer, has appealed from a judgment against him as indorser of a promissory note. He contends that under the pleadings his liability can not be established in any other manner and by any other evidence, than the protest and the

certificate of notice of protest annexed to plaintiff's petition, and that they are insufficient:

*First*—Because the protest should have been made on the day of maturity instead of on the last of the three days of grace, the note being non-negotiable.

*Second*—Because the notice of protest, deposited in the postoffice, was not sufficient, he residing in the same place with the maker, should have been served personally or at his domicile.

Of course the plaintiff can not establish the liability of the indorser on any other ground than that laid in his petition, he can not prove what he has not alleged, and to that extent the bill of exceptions of the appellant, to which our attention has been called, was well taken; but under the averment that the liability of the indorser was fixed by due notice of dishonor, we think it was competent for plaintiff to prove it by parol, although he alleged the fact as appearing by the protest and certificate of notice of protest attached to his petition.

The object of pleadings is to apprise the defendant of the grounds taken to establish his liability so that he may prepare his defense. The indorser here was informed that the plaintiff claimed his liability on the ground that he was duly notified of dishonor. If the protest and certificate of notice thereof, attached to the petition, were not sufficient to establish the fact, we see no reason why it could not be established by other competent evidence. Verbal notice of dishonor is as competent as written notice. Chitty on Bills, 503. It is in proof in this case that the indorser was verbally notified of the dishonor on the day the note was protested.

The only remaining question is, was the demand of payment of the maker, and the protest, on the last of the three days of grace in due time, the note being non-negotiable. On this point we can not agree with the appellant. Under the general law merchant, which is recognized and enforced in this State, the three days of grace are allowable on promissory notes, whether negotiable or non-negotiable. Chitty on Bills 553· Smith *v.* Kendall, 6 T. R., 123; and authorities there cited.

But the appellant contends that the commercial law has been modified by the statutes of 1855 and 1858, declaring that on all bills of exchange and promissory notes made negotiable by law or the custom of merchants of this State, three days of grace shall be allowed, and on bills payable at sight and drafts or orders for money, payable on demand, no days of grace shall be allowed.

In these statutes we see no abrogation of the commercial law allowing days of grace on non-negotiable notes, nor anything inconsistent therewith; and we presume if such was the intention of the lawgiver it would have been expressed.

The rule *expressio unius exclusio alterius*, invoked by the appellant, is here inapplicable.

If, instead of the statutes referred to, the Legislature had enacted a general commercial law for this State, and therein declared that three -days of grace shall be allowed on all negotiable paper, this specification would have excluded non-negotiable notes, and the rule invoked by the appellant would be specially applicable.

But as these statutes neither repeal nor conflict with the general commercial law allowing days of grace on non-negotiable notes, we are bound to conclude the demand of payment was in due time. The note was duly dishonored and the appellant, being verbally notified thereof on the same day by the notary, became liable.

It is therefore ordered that the judgment appealed from be affirmed, and that appellant pay cost of appeal.