No. 3730.—PAUL LEVYSON & Co. *v.* M. C. WARD et al.

In an action to set aside a sale of a lot of cattle, on the ground that it was fraudulent, the vendor being in insolvent circumstances at the time, evidence to show the insolvency of the vendor is inadmissible against the purchaser unless it be alleged that the purchaser was aware of the insolvency at the time of the sale.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. J. G. White,* for plaintiffs and appellants. *H. S. Losee,* for defendant and appellee.

HOWE, J. The plaintiffs sue the defendant, Ward, on his promissory note; they also sue to set aside the sale of one hundred and seventy-five head of cattle, three horses and one wagon, made by Ward to the defendant, Cullen, on the ground that said sale was a constructive fraud, Ward being in insolvent circumstances, and the sale being for the purpose of giving Cullen a preference over other creditors. The court gave judgment against Ward for the sum claimed by the plaintiffs, but refused to set aside the sale. The plaintiffs appeal.

It was not alleged that the purchaser, Cullen, knew that his vendor, Ward, was in insolvent circumstances, or had not sufficient property to pay his debts, when he bought the property from him. The counsel for Cullen, therefore, properly objected to the evidence to show the

fact, and his bill of exceptions was well taken to its admission by the court. It is shown that Ward brought the drove of cattle, with the horses and wagon, from Texas to Alexandria for sale, and that the contract he made with Cullen was in the usual course of his business. It seems to us, therefore, that this sale is protected by art. 1986 Revised Code, regardless of Ward's embarrassed circumstances. 16 An. 402; 4 R. 438; 21 An. 667.

Let the judgment appealed from be affirmed with costs.