## No. 663.

### T. B. JORDAN & CO. vs. M. & A. ANDERSON.

When husband and wife are co-defendants in a suit they may be legally served by a citation to each, or to the husband alone.

When husband and wife are co-defendants he sufficiently authorizes her, by appearing in the suit, and aiding her in her defense.

A debt contracted by the wife, or by her husband with her consent, which inures to the benefit of her separate property, is binding on her.

A mere change in the form of a debt does not work a novation.

A party can not introduce evidence inconsistent with his pleadings.

A surety can not benefit by an exception personal to the principal.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney*, J.

*J. W. Jones* and *Land & Taylor*, for plaintiffs and appellees.

*A. W. O. Hicks*, for defendants.

The opinion of the court was delivered by

EGAN, J. The plaintiffs sue upon promissory notes given for the price of materials and workmanship used in constructing a brick building

upon the property of the wife, one of the defendants, and also claim the privilege accorded by law upon the building. The defendants excepted that they were not properly cited. They were sued solidarily, and citation served upon each personally as it was addressed to each separately. This was good citation and service had they not been husband and wife (C. P. 178, 190), or had the wife been separated from bed and board. C. P. 193.

Code Practice, article 182, provides that if the defendants are husband and wife a single citation and copy of petition are sufficient, and article 192 that if the petition and citation are directed against a married woman not separated from bed and board from her husband the service may be made by delivering to either husband or wife, or at the domicile in the usual way.

The fact that plaintiff did not avail himself of the privilege accorded him by law of giving and serving but one citation to both husband and wife does not make it bad as to her. In this instance the issuance of two citations was proper. The husband was cited, not in that capacity only, but as a co-obligor. The defendant, B. Anderson, was not separated from bed and board from her husband. Had she been, however, the citation and service in this case would have been good, and not having been, it is equally good. Both she and her husband were cited. It was sufficient. They subsequently answered, whereby, it is claimed, defects of citation or service were waived.

It is unnecessary to pass upon the effect of answer in this case "*under protest*," as the parties were legally cited. The wife answered separately, denying all the allegations of plaintiff not specially admitted. She admitted her signature, but set up that she was then and at the time of signing the obligation sued on, the wife of her co-defendant, and that her signatures were obtained without the authority of her husband and without consideration. The husband filed a separate answer, denying all allegations not admitted, admitted his signature as surety for his wife, set up her want of capacity to contract the obligations sued on for the reasons stated in her answer *which he adopted in this respect as his answer*. He further averred that he had received no consideration for the contract, and prayed that plaintiffs' demand be rejected. The answers also claim the payment of fifty dollars on the contracts.

It is objected that the wife was not properly authorized to defend the suit and stand in judgment, because the judge had no power to authorize her unless the husband had *refused*. His appearance and adoption of her answer and assistance in the defense is sufficient authorization, if the judge had made no order of authorization.

The husband claims that his wife is not bound, and that he being sued as her surety is not bound unless his principal is. The law is that

suretyship can only be given for the performance of valid contracts. A man may, however, become surety for an obligation from which the principal debtor might be discharged by reason of an exception merely personal to him; such as being a minor or a married woman. C. C. 3036; 16 An. 445.

It is urged that, although the plaintiffs' debt is for workmanship and materials for the improvement of the separate property of the wife, the husband had the administration of her property, and the debt is one of the community and not hers. It is true that the presumption of the law both as to debts and acquisitions made during the marriage is that they belong to the community, and hence it is well settled that to recover against a married woman it is necessary to show affirmatively that the consideration inured to her benefit. 15 An. 352; 20 An. 229; 24 An. 95. We know of no law, however, and have been referred to none, which exonerates the wife from the obligation to pay for what does inure to her separate benefit or that of her separate property. The law of Louisiana treats marriage as a kind of partnership, from which, however, is specially reserved the separate property of the spouses. It also permits the wife to retain or at any time to resume the administration of her own separate estate, and she retains as fully as if unmarried the *jus dominii* of it. From this it follows that she is clothed with all the incidental powers necessary or advantageous to the enjoyment of her separate property, among which is the right to erect buildings or make other improvements upon her separate lands. If these are paid for out of the community funds the only result is that at the termination of the community she or · her separate estate owes to the community the amount so expended. The improvements, however, are none the less her property, and if, as in this instance, they are unpaid for, that price is due directly from the wife to the person making them. That the husband chose to bind himself individually also by no means diminishes or changes the wife's obligations.

It is well settled that buildings and other improvements made during the marriage upon the separate lands of the wife belong to her as to any other owner of the soil, and not to the husband or to the community. The doctrine " *cujus est solum ejus est usque ad coelum,*" applies to her equally with any other proprietor. The disabilities under which the wife rests under our law are that she can not contract without the authorization of her husband or of the judge, and that she can not bind herself as security or otherwise for a debt of her husband or of the community, and can not alienate her dotal property. Aside from those disabilities, as we have said, she may lawfully contract, as for the benefit and improvement of her own separate property.

In the case at bar she and her husband, who, it seems from the

Jordan & Co. vs. Anderson.

evidence, she permitted to administer her property, and who, therefore, aside from his marital duty, had a personal interest in the development and improvement of valuable unimproved real estate of the wife in the city of Shreveport, that it might become a source of revenue, besides being enhanced in value otherwise, contracted with the plaintiffs, builders and material men, to erect a brick building upon this property at an agreed price, which was subsequently enhanced to the extent of two hundred dollars for additions to the work. There was a written notarial contract signed by all the parties, the husband signing with the wife. This was sufficient authorization, 17 An. 204; 19 An. 48; 21 An. 396, even were it not otherwise abundantly shown by the evidence in the record that the contract was made and the work done with the express authorization of the husband, who himself superintended the work in the exercise of his administrative power as such. The husband had nothing to serve as a basis of credit, and he was not credited; all the property in their possession belonged to the wife or to her and her minor child by a former marriage with Gilfillan. It is not pretended that the work was not needed or of advantage to her separate estate, and the pretense that she did not authorize it or was not herself authorized is wholly unsupported by the evidence. After the completion of the work the husband and wife signed another instrument which is in evidence in which they acknowledged the completion of the work in compliance with the contract of plaintiffs, and recited the fact that they had the same day given the notes sued on for the unpaid balance of price. This with the other written and parol evidence in the record disposes of the argument that there was a novation of the debt. Novation is never presumed; and so far from having been proved, the evidence in this case shows nothing more than a change in the form of the evidence of the debt. The original debtor contracted no new debt, nor extinguished the old one. No new debtor was substituted for the old one, who was not discharged, and the creditor was the same. C. C. 2189, 2187; 8 M. 431; 9 M. 187; 6 N. S. 568; 16 La. 140; same, 487; 11 An. 547; 14 An. 54; same, 93.

If the wife were incapacitated to make the contract in question, she would not be benefited. Under such circumstances, she could not retain and enjoy the benefit of plaintiffs' labor and materials without paying for them. C. C. 1793; 13 An. 14; 16 An. 217; 23 An. 409. These principles were reviewed and recognized in the unreported case of Wolfe & Cerf vs. Harvin, recently decided by us in New Orleans. Her incapacity, if it existed, would not enable her to commit a fraud. 6 An. 56. That incapacity, as we have seen, is not universal and absolute. In the cases to which it does not extend, the capacity of women is not affected by marriage. 2 An. 1, 10, 433. Her husband's authorization is not required to the acts necessary for the administration of her paraphernal property.

Her right of administration would be a vain thing if she could not without her husband's authority pay debts incurred for her separate property. For such debts she may sign notes or drafts without her husband's authority; *a fortiori* then, with it. 14 An. 676. Had there been any want of original authority, as we have seen there was not, the subsequent execution by the wife and husband of the receipt or instrument reciting the contract and acknowledging its completion and the execution of the notes used or given for its price is sufficient ratification of it to bind her. 4 Ah. 163; 5 An. 369.

The fact that the lot of ground upon which the building in question was erected belonged in indivision to the wife and her minor child of a former marriage, does not affect the question. One of two joint proprietors may make and enjoy improvements on the common property, and that fact is only important when it comes to a settlement between the joint proprietors, the one making the improvements being in any event entitled to reimbursement, without which the other can not share the resulting benefit. 6 N. S. 616; 10 An. 255. For the purposes of this case it is therefore the same as if the whole property belonged to the wife. The improvements made by the plaintiffs having inured to her separate benefit, and that of property which she held separate from her husband, the court below did not err in refusing to receive the evidence of the wife that she was coerced by her husband into signing the contract with plaintiffs. No such issue was made, and such evidence would have been inconsistent with her allegation that her husband did not authorize the contract.

The husband's defense is, to say the least, a singular one. It is substantially that his wife is not bound because this is a debt of the community and not her own; and that he is not bound because his obligation is simply that of surety for his wife, who not being bound, he is not. His argument proves too much. If the debt be that of the community, and the wife be not bound, he is as its head and master; and if it be not that of the community (as we have seen it is not), then by his own admission and acts he is bound as surety.

According to the argument urged for the defense, the plaintiffs, after furnishing the materials and doing the work, and after its acceptance by the defendants, would be still held suspended in the anomalous condition of having contracted with no one and having no one bound to them for the price. This is neither just nor legal. The privilege was preserved by registry. It was not lost by novation, because, as we have seen, there was no novation. There was judgment in the court below against the defendants *in solido* for the amount of the plaintiffs' demand, with recognition of their privilege, as claimed, upon the building erected by them. It was correct, and is therefore affirmed with costs of both courts.