## No. 7701.

### O. G. BURBANK, TUTRIX, vs. WILLIAM HARRIS.

32 395
124 869

After a judgment sustaining the exception of no cause of action it is too late for the plaintiff to amend his pleadings, even though the motion to amend is filed before the judgment is signed.

In a suit for damages the judgment of this court remanding the case to ascertain the quantum of damages is not *res adjudicata* as to the question whether the plaintiff had made the averments necessary to enable him to maintain the action, more especially when in the judgment of this court the absence of the necessary averments was broadly intimated.

APPEAL from the Fourth Judicial District Court, parish of St. Charles. *Duffel*, J.

Wm. Reed Mills for plaintiff and appellant:

First—"Amendments will be allowed even after the cause is fixed for trial, if the litigation will thereby become closed, and the party who resists the amendment can point out no injury he will suffer." 1 Martin, 175.

"Amendments not changing the issue will be allowed *at any stage of the cause* to further justice." 2 M. 297; 11 M. 639; 2 N. S. 625; 4 N. S. 516; 2 M. 297; 1 Bac. 108; 3 Lev. 345; 2 Stra. 890; 1 M. 183; 2 N. S. 625; Louque's Dig. p. 553; 27 An. 316, 715.

Second—That the decree of the Supreme Court remanding the case to ascertain the amount of damages due by the defendant was *res adjudicata* as to plaintiff's right to recover those damages.

Breaux, Fenner & Hall for defendant and appellee:

First—That no amendment tendering a new and essential issue can be allowed after the trial of the case has commenced. 30 An. 531; C. P. 419, 420; 7 An. 576; 22 An. 534; do. 351; 14 An. 355; 3 Rob. 126.

Second—That no amendment of the pleadings can be permitted after the suit has been dismissed, even though the judgment of dismissal has not been signed. C. C. 556.

Third—That the decree of the Supreme Court was not *res adjudicata* as to plaintiff's capacity, under the pleadings, to recover.

The opinion of the court was delivered by

MANNING, C. J. This action, having for its object the recovery of seven thousand dollars damages for the destruction of a sugar-house upon a plantation leased to the defendant, resulted in a judgment in her favor. On appeal, it was reversed, the court saying that the fire was caused by the carelessness of the defendant, and he was responsible for it, but as the evidence did not establish the amount of the damage, the case was remanded, and is unreported.

The second trial resulted in a verdict and judgment for the plaintiff for five hundred dollars, which was also set aside on appeal, and the cause remanded with instructions to admit of the origin and character of the plaintiff's title, and any other evidence tending to establish the nature, duration, and value of the possession of the destroyed property, all of these being considered by us as elements entering into the proper estimation of the damages sustained. Burbank vs. Harris, 30 Ann. 487.

On the third trial in the lower court the plaintiff offered in evidence of title a marshal's deed, whereupon the defendant objected to its reception on the ground that the pleadings contained no averment of title, and presented no issue to which evidence of title would be pertinent, and instantly made an exception of no cause of action by reason of the want of such averment. The exception was sustained, and the suit dismissed. This appeal is from that judgment.

After the exception had been considered and sustained, the plaintiff moved for leave to amend her petition by alleging ownership, which was refused. It was then too late. The amendment was not offered until after judgment, and was obviously beyond the power of the court to consider in the then condition of the case. The plaintiff lays stress upon the fact that the amendment was offered before the judgment was signed. It was impossible for the judge to entertain it unless he had first set aside the judgment on the exception, and ordered a new trial. As it was, there was no case before him. We are specially invited to examine Debuys vs. Mollere, 2 Mart. N. S. 626, where it is said, amendments may be allowed at any stage of the proceedings in furtherance of justice. That has often been said since, and rightly said, but how, when the proceedings are not at any stage, but have come to an end? So also in McCubbin vs. Hastings, 27 Ann. 715, an amendment was allowed after the jury had been impaneled, but an amendment of pleadings after judgment of dismissal of the case is a judicial anomaly.

Another complaint of the plaintiff is that the mandate of this court, in remanding the case, was to admit evidence of title—that it had

Burbank vs. Harris.

already been adjudged that she had cause of action when this court said on the first appeal, that some one was responsible for the damage inflicted, and remanded solely to ascertain the quantum—and therefore that the lower court was precluded from inquiring into any other matter than that quantum. In other words that any and all faults of pleading had been condoned in and by the judgments on the previous appeals, and they were *res adjudicata* as to all matters save that which had been remitted to the lower court for further investigation.

There was nothing adjudged touching the sufficiency of the pleadings. On the contrary, there was more than an intimation of their defectiveness, when in the opinion read when the case was last before us we remarked the absence of an averment and proof of ownership. We held that such proof must be made before the quantum of damage could be properly ascertained, and gave the reasons for it, and sent the case back for its reception. But we could not be understood to order proof to be admitted which was legally inadmissible. We knew that amendments to pleadings were admissible in the lower court, if offered in season, and on the assumption that all things would be made ready for the reception of such evidence, pointed out its necessity, and left the plaintiff to adopt the means to insure its reception. She seems to have overlooked the substantive parts of the opinion read on the last appeal, in which we broadly stated that we could not supply the omitted averment. It was not for us to direct an amendment of the pleadings. The omission to make that amendment lays at her own door.

Judgment affirmed.

Rehearing refused.

Mr. Justice WHITE recuses himself in this case.