(52 South. 851.)

No. 18,104.

MERCANTILE FIRE & MARINE INS. CO. v. CUMBERLAND TELEPHONE & TELEGRAPH CO.

(May 9, 1910.  Rehearing Denied June 28, 1910.)

*(Syllabus by the Court.)*

PLEADING (§ 248*)—AMENDMENT—NEW CAUSE OF ACTION.

An amended petition, setting forth that the destruction of a house was due to the contact of defendant's wires, not properly insulated, with other heavily charged wires on the outside of the house, does not state the same cause of action as the original petition, which charged that the destruction was due to the improper installation of defendant's wires and apparatus on the inside of the house.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

Appeal from Civil District Court, Parish of Orleans; Geo. H. Theard, Judge.

Action by the Mercantile Fire & Marine Insurance Company against the Cumberland Telephone & Telegraph Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Clegg, Quintero & Gidiere, for appellant. Denegre & Blair and Victor Leovy, for appellee.

BREAUX, C. J.  Plaintiff conducts a fire and marine insurance company.

It issued a policy of insurance to Louis Paysse against loss or damage by fire in the sum of $5,000 on his dwelling house.

In November, 1905, a fire occurred, and the damage was $2,249.50.

The loss was adjusted, and to the insured, Paysse, the last-stated amount was paid.

Thereupon Paysse assigned and conveyed to plaintiff his right of action and all claims and demands against any person or corporation liable in damages for the amount on account of the negligence charged.

Plaintiff's contention, as set up in its petition, is that the loss was the result of a negligent and defective installation of the telephone wires, and that defendant's wires and apparatus installed by it in the dwelling house were so constructed and installed that they could not bear the voltage to which they were subjected, and that in consequence the electricity was not safely conducted through the dwelling.  The sparks from the electric current escaped and set fire to the house, causing damage in the amount last stated.

In the November following the defendant filed an exception on a number of grounds—among others, that plaintiff had failed to allege with sufficient particularity in what respects the installation and switchboard were deficient or inefficient, and, further, that plaintiff had failed to allege which apparatus other than the switchboard was defective.

Plaintiff then filed a supplemental and amended petition, setting forth details in the matter of the installation in the house.

To this supplemental petition an exception was filed and an answer setting up the general denial.

The suit remained in abeyance.  Nothing was done with it until November, 1909, at which time plaintiff filed another supplemental and amended petition, in which it averred that the telephone installations and

apparatus put in the residence of the insured were unable to bear pressure by reason of their contact with an adjacent wire carrying a high and intense voltage; that in consequence the electricity escaped to the woodwork of the building insured and thereby caused the fire; that the defective installation was due to the fault and negligence of defendant; that defendant's wire was not insulated.

The defendant filed another exception, and averred plaintiff attempted to vary the cause of action, alleging facts not before alleged; that five years had elapsed since the first supplemental and amended petition had been filed; and that plaintiff was seeking to introduce a new cause of action.

This exception was overruled.

The trial was proceeded with.

Defective switch block and contact of a line owned by another company, and the uninsulated wire:

As to the defective switch block: An expert electrician testified that when safety devices are properly installed in the house, and are kept in good order, they are absolutely a safety device against the entering into the building of heavy and dangerous currents.

There is no question but that defendant's wire came in contact with a wire of the electric company carrying a heavy voltage.

The contention of plaintiff that defendant's wire was not properly insulated is sustained, if sustained at all, by inference.

The plaintiff in the first petition alleged that the device was deficient and inefficient.

In the first supplemental petition the plaintiff alleged that one of the faults of the telephone apparatus was its weakness or inability to bear the stress of the electric current to which it was subjected by defendant without arcing or without escape from the wires or boxes of the electric current.

Defendant's telephone current is not over 24 volts. It is neither dangerous to life nor to property. It requires no protection from the electric current which is necessary to its operation.

It is absolutely certain that the low current of the defendant company did not set fire to the building. This, we understand, is conceded by plaintiff.

The foregoing is the only issue presented by plaintiff in its first petition and in its first supplemental petition.

In neither of these petitions does plaintiff allege that defendant's wire came in contact with other wires, nor does it charge that defendant is accountable for any negligence on account of want of insulation, or in any other respect outside of the dwelling. The only fault set forth by plaintiff is that the installations and apparatus, put in the house by defendant company, were subjected by defendant to a current of electricity which they could not and did not safely dispose of or endure.

There is no proof of this; for it is manifest that defendant could safely dispose of or endure all the electricity it used.

The gravamen of the complaint is that the company by its own negligence in the use of its own current made itself liable in damages.

From this point of view the defendant is not liable. The facts necessary to fix liability are not disclosed.

It is well settled that there must be a clear statement of the substance of the relief sought.

We do not for an instant question but that the telephone company must guard against the harmful effects to persons and property from the electricity which may be conducted over its lines and to its instruments.

In order to render it liable, however, when its wires are overcharged by contact with another wire, the fact necessary to admit the proof must be alleged.

This, we have seen, has not been done.

We would not be justified in enlarging the pleadings to enable plaintiff to recover for another cause of action, particularly in view of the fact that the court a qua excluded the testimony.

Learned counsel for plaintiff cites Griffith v. Telegraph Co., 72 Vt. 441, 48 Atl. 643, 52 L. R. A. 921.

We do not consider that decision pertinent, for the reason that there was no allegation made, as in the case in hand, limiting the action against the telephone company and failing to allege the true cause of the accident.

When the pleader fails to plead the cause of action, it cannot be considered.

There was no evidence admitted of negligence as the cause of the overcharge with electricity of defendant's wire. This, as before stated, was only alleged in the second supplemental petition, filed some five years after the first petition and first supplemental petition had been filed.

Exceptions were filed to both of the supplemental petitions, and bills of exceptions were reserved to the admissibility of the testimony to prove up either.

A plea of prescription of one year was filed against the second supplemental petition on the ground that it pleaded a new cause of action.

No cause of action had been previously alleged. The grounds set forth in the second supplemental petition were entirely new, separate, distinct, and different from the first ground.

The petition was subject to the objection that it contradicted the first petition and alleged a new cause of action, which was prescribed at the time it was filed.

The plaintiff has cited several decisions as sustaining his contention that it has a cause of action.

Plaintiff may have had such a cause, but it was not alleged. Plaintiff would, perhaps, have had such a cause, had it not alleged in effect that it was defendant's act. There was an outside agency controlling the current, as alleged many years after the suit had been brought.

Plaintiff did not admit error. The second supplemental petition sought to amplify, not to correct, the first petition, and in seeking to amplify it contradicted the first and alleged a new cause of action.

In attempting to introduce this new ground of complaint, plaintiff is forced into the inconsistent position just before stated.

We might go on further, and discuss this case at some length. The facts on the merits, to which we have given some attention, for the reason that the whole case was considered by the district court, have given us no reason to conclude that the judgment rendered on the merits is erroneous.

The weight of the testimony shows that the wires sparkled and burned on the outside of the building.

It remains as a fact that the apparatus in question was on the inside of the building. The apparatus if properly installed would not have prevented the fire.

The engineering expert, who was plaintiff's witness, testified that outside fires could have no connection with interior defects.

The fact is, also, that there was some laxity in the matter of the inspection, it seems.

The rule as laid down by the company was good; but the local inspection was not what it should have been at times.

In the Burke Case, 50 South. 551,[1] the duty of interior protection against outside current was not presented in the light it is presented in this case.

It was not found in the cited case that interior fixtures need be safeguarded against trolley currents.

[1] 124 La. 562.

For reasons stated, the judgment of the district court is affirmed.

PROVOSTY, J., takes no part, not having heard the argument.