BAKER, J.
This is an action for damages, brought on behalf of plaintiff’s children, for the death of their mother. It is alleged that, while walking along the sidewalk on Common street, near the entrance of the St. Charles Hotel, the woman stepped upon an iron lid or plate covering a manhole, and that the lid, being defective, tilted and caused her to fall and suffer fatal injuries.
Plaintiff álleged that the municipal authorities were negligent in failing to observe and remedy the defect in the cover of the manhole, which plaintiff characterized as a “death trap”; but he did not say how long the alleged dangerous situation had prevailed, or how or why the municipal authorities should have been aware of it. For that reason, defendant filed an exception of no cause of action averring:
“That said petition does not set forth facts sufficient to constitute a cause of action against this respondent.”
The exception was heard and overruled, and defendant was allowed five days’ delay in which to answer the petition.
Plaintiff’s allegations of negligence were stated in paragraphs X, XI, and XII of his petition, as follows:
“X. That the unsafe, faulty, and defective condition of the said manhole and cover was the proximate cause of the aforesaid accident and injuries to your petitioner’s wife and minor children’s mother, and that same was dangerous to the life and limb of pedestrians on the aforesaid thoroughfare, and proved a death trap, at or near the entrance of the St. Charles Hotel, on Common street.
“XI. That the city of New Orleans * * * was guilty of gross negligence in not having discovered the defective, dangerous, and unsafe condition of the manhole, lid, or covering, which could have been discovered by a proper inspection of the sidewalk, at the aforesaid place, by their proper officers.
“XII. That if the city of New Orleans’ employees had made a proper inspection of the sidewalk at the aforesaid place, as it was their duty to do, the accident, injuries, and subsequent death of your petitioner’s wife and minor children’s mother would not have occurred; and that the city of New Orleans knew, or should have known, the owner of said manhole, and notified the owner to repair the aforesaid dangerous condition.”
*483 Defendant denied the allegations in paragraphs X, XI, and XII of plaintiff’s petition, but, in answer to other paragraphs, admitted that, on the date of the alleged accident, there was an iron-covered manhole or excavation in the sidewalk, on Common street, about a hundred feet from the entrance to the lobby of the St. Charles Hotel, from which manhole or excavation various cables and electric light and telephone wires went into the hotel, and were strung down the sidewalk in the direction of Carondelet street.
Three years after the answer was filed, the case having been allotted to another division of the civil district court, and another city attorney having been elected, defendant filed another exception of no cause or right of action. The exception was, on the same day argued and submitted and taken under consideration. Five days later, while the exception was yet under consideration by the court, plaintiff filed a rule upon defendant to show cause why he should not be allowed to amend and supplement his petition, by alleging: (1) That the defective condition of the manhole had been a matter of common knowledge; (2) that it had existed for many months previous to the accident; (3) that the place on Common street where the accident occurred, including the block from St. Charles street to Carondelet street, was one of the most used' and frequented of the streets of the city; (4) that the dangerous condition of the manhole had caused several pedestrians to fall, by the tilting of the cover of the manhole ; (5) that one side of the cover had rusted and was otherwise defective, faulty, and unsafe; (6) that the slightest attention on the part of the municipal authorities could have remedied the defects and prevented an accident; (7) that it was gross negligence on the part of the officers, agents, and employees of the city to fail to make an inspection of the sidewalk and manhole; and (8) that the dangerous condition, having been apparent for a long time, was conclusive evidence of negligence on the part of the municipal authorities.
In response to plaintiff’s rule to show cause why his petition should not be thus amended, defendant again pleaded the exception of no cause or right of action, averring that, as the original petition did not disclose a cause of action, there was nothing to amend, and that the proposed amendment would be, in effect, a new suit, which would be barred by the prescription of one year, under article 3536 of the Civil Code.
Plaintiff’s rule or motion to amend, and defendant’s exception of no cause or right of action, and the plea of prescription, were argued and submitted and taken under advisement. The judge had not yet rendered a decision on defendant’s second exception of no cause of action, as to whether plaintiff’s original petition disclosed a cause of action. A week later, the judge rendered a decision, maintaining defendant’s exceptions of no cause or right of action, and the plea of prescription, overruling plaintiff’s motion to amend his petition, and dismissing the suit. From that judgment, plaintiff has appealed.
[1] Although defendant’s attorneys denominated their plea or exception to the original petition an exception of no cause or right of action, it was, in substance and reality, an exception of vagueness or insufficiency of detail in the allegations of the petition. The complaint was that the petition should have shown why and how the municipal authorities ought to have been aware of the condition ■ of the cover of the manhole. The plea was based upon the ruling of this court in the case of Hills v. City of New Orleans et al., 139 La. 537, 71 South. 797. In that case, plaintiff alleged that she had been injured by stepping into a hole in the sidewalk, whence a brick had been removed. The only allegations of negligence on the part of the municipal authorities were:
“That the hole in the sidewalk was unnotieeable to any passei'-by, but could have been dis *485 covered by defendants if they bad examined same for the purpose of keeping the sidewalk in proper condition; and the said injuries to petitioner were caused solely by the negligent acts and omissions of defendants, whose duty it was to keep said sidewalk in proper condition, and were in no way contributed to by any negligence on the part of petitioner.”
The suit was not only against the city, but also against the owner of the property fronting on the sidewalk. The reason assigned by the court for declaring that the petition in that case did not disclose a cause of action was that plaintiff had not stated when or by whom the brick had been removed, and that, for all that was alleged, the brick might have been used as ammunition in a street shindy within 10 minutes before the alleged accident. The ruling was that plaintiff’s allegation, that the municipal authorities and the owner of the property were negligent in failing to observe that the brick was gone, was merely a conclusion on plaintiff’s part, not founded upon sufficient facts, as far as the allegations of her petition went. But the plaintiff in that case did not offer to amend or amplify the allegations of her petition. The decision is therefore not appropriate to the question presented now.
[2-5] The doctrine that an amendment of pleadings is always allowed and favored, if it be offered at a time when no unfair advantage could be accomplished thereby, and when its purpose is merely to amplify or explain the allegations already made, without presenting any new issue or changing the substance of the original pleading, is so trite that it would be burdensome to cite all of the decisions on the subject. Plaintiff’s motion to amend his petition in this case was prompt enough. A judge of one of the divisions of the court had already ruled that the allegations of the original petition were ample, and had therefore overruled the exception of no cause of action, and the judge of the other division had the second exception of no cause of action, yet under consideration, when plaintiff offered to 'amend and amplify his petition, by alleging more specifically the reasons why the municipal authorities had been negligent in not observing that the cover of the manhole was defective and dangerous. The proposed amendment or amplification of the original allegations would not have changed their substance, or presented a new or different issue. The purpose of the proposed amendment was merely to do away with defendant’s complaint that the original petition did not disclose, specifically or in detail, what facts plaintiff intended to prove, in support of his allegation that the municipal authorities were at fault in their failure to observe that the cover of the manhole was defective and dangerous. We cannot imagine any just reason for the refusal to allow' the amendment. As the motion did not set forth a new cause of action, it was an error to say that the cause of action therein referred to was barred by the prescription of one year, subsequent to the filing of the suit. McCubbin v. Hastings, 27 La. Ann. 713; Landis v. Illinois Central Railroad Co., 140 La. 1, 72 South. 788, citing Missouri, Kansas & Texas Railroad v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134.
Defendant’s counsel cite the decisions in the following cases, none of which, however, is appropriate to this case, viz.: Burbank v. Harris, 32 La. Ann. 395 ; First National Bank of Natchez v. Moss & Co., 41 La. Ann. 227, 6 South. 25 ; Abadie v. Berges, 41 La. Ann. 281, 6 South. 529 ; State v. Hackley, Hume & Joyce, 124 La. 854, 50 South. 772 ; Godcheaux v. Hyde, 126 La. 187, 52 South. 269 ; Mercantile Fire & Marine Insurance Co. v. Cumberland Telephone & Telegraph Co., 126 La. 621, 52 South. 851 ; and Police Jury of Parish of Lafayette v. Martin, 140 La. 848, 74 South. 170.
In Burbank v. Harris, the plaintiff' did not offer to amend her petition until the defendant’s exception of no cause o'f action had been sustained and the suit dismissed.
*487 The case of the First National Bank of Natchez v. Moss & Co., was an attachment suit on certain drafts which were not yet due. The defendant filed a plea of prematurity. Thereafter, the drafts having matured, plaintiff filed a supplemental petition, averring that the drafts had then matured. The ruling was that the bank’s right to the attachment had to be tested according to the status of its claim at the time when the suit was filed, and that it was then premature.
The case of Abadie v. Berges was a suit by a tenant or lessee to obtain a judicial declaration that the term of his lease had been extended two years. The contract of lease, annexed to the petition, contained a clause to the effect that the lessee might extend the term two years by giving notice to the lessor three months in advance of the expiration of the original term stipulated. Plaintiff failed to allege that he had given the notice. An exception of no cause of action was sustained. In affirming the judgment, Chief Justice Bermudez, for the court, said:
This omission was fatal, “as the court is powerless to authorize an amendment which would insert a cause [the word is erroneously .printed clause] of action, when none was previously averred.”
The author was merely saying that this court could not, on its own motion, authorize such an amendment. The plaintiff had not offered to amend his petition.
In State v. Hackley, Hume & Joyce, the plaintiff did not, in the district court, offer to amend the petition, but, on appeal, merely “asked that the suit be not dismissed but remanded with leave to amend.” That decision is cited in the present case merely because the author of the opinion said that the decision in McCubbin v. Hastings, 27 La. Ann. 713, had been expressly overruled in Burbank v. Harris, 32 La. Ann. 395. But that was a mistake. The ruling in McCubbin v. Hastings, allowing the plaintiff to amend his petition after a jury had been impaneled to try the case, was referred to with approval in Burbank v. Harris. All that was said on the subject is:
“We are specially invited to examine Dubuys v. Mollere, 2 Mart. N. S. 626, where it is said amendments may be allowed at any stage of the proceedings in furtherance of justice. That has often been said since, and rightly said, but how, when the proceedings are not at any stage, but have come to an end? So also in McCubbin v. Hastings, 27 Ann. 713, an amendment was allowed after the jury had been impaneled; but an amendment of pleadings after judgment of dismissal of the ease is a judicial anomaly.”
In Godcheaux v. Hyde, the ruling was that a motion to amend a reconventional demand canie too late, after an objection to the introduction of evidence in. support of it had been sustained because the demand in reconvention did not disclose a cause of action.
The case of the Mercantile Fire & Marine Insurance Co. v. Cumberland Telephone & Telegraph Co. was an action for damages for injury to a building, caused by fire, alleged to have resulted from defective installation of defendant’s telephone wires and apparatus in the building. Defendant excepted to the petition, and plaintiff was allowed to amend by stating in detail how and why the installation of the telephone wires and apparatus in the building was defective. After the case had been put at issue, plaintiff attempted to file a so-called supplemental or amended petition, alleging that the fire had been caused by' an electric light wire coming in contact with defendant’s telephone wires, outside of the building. The court said, quite properly, that this new petition contradicted the allegations of the first petition and set forth a new cause of action.
In the case of the Police Jury of the Parish of Lafayette v. Martin, the plaintiff did not, at any stage of the proceedings in the district court, move to amend the petition; but, having appealed from a judgment dismissing the suit, in fact in an application for a rehearing, plaintiff asked that the case be remanded for the purpose of allowing an amendment of the petition. The rehearing *489 was granted only on the question as to whether the case should be remanded; and, on rehearing, the court said:
“Plaintiff made no attempt to amend either the allegations or the prayer of its petition, but appealed directly to this court, and its learned counsel now think that the case should be remanded in order to give it an opportunity to amend; but we think not. The purpose of the amendment would, necessarily, be ‘to alter the substance of the demand’ and make it ‘different from the one originally brought,’ and amendments of that kind are not permitted after issue joined, and, still less, after judgment. C. P. 419.”
We are not aware of a decision denying the right of a plaintiff to amend his petition, without tendering any new issue or altering the substance of his demand, at any time before trial of the case.
The judgment appealed from is annulled, and this case is remanded to the civil district court to allow plaintiff to amend his petition according to the allegations of his motion therefor, and for further proceedings not inconsistent with the foregoing opinion. The costs of this appeal are to be borne by defendant; all other costs are to depend upon the final judgment.
Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.