VALLEE v. IMEX WAREHOUSE CO., INC., ET AL.

(December 10, 1926. Opinion and Decree.)
(February 13, 1929. Writ of Certiorari and Review Refused.)

Henry & Cooper of New Orleans, attorneys for plaintiff, appellee.

Spearing, Miller & Mabry, of New Orleans, attorneys for defendant, appellant.

JONES, J. Plaintiff, as the holder and owner of a negotiable warehouse receipt for 350 bags of sugar, sues the maker of the receipt, the Imex Warehouse Co., Inc., and the surety on its bond, the U. S. Fidelity and Guaranty Co., for the value of the sugar, $1,820.00, alleging failure to deliver after legal demand.

The relevant parts of the receipt, attached to the petition, which has the word "negotiable" stamped across its face, reads as follows:

"READ THIS RECEIPT AND
CONDITIONS
"No. 599     New Orleans, La., 10/20, 1925.

"Received from R. E. Vallee & Company by the Imex Warehouse Company, Inc., the articles herein below described, which articles are deliverable upon the return of this receipt properly endorsed by the party to whom issued, and the custody of which articles is undertaken upon the conditions and tariff rates below set forth, of which conditions and rates said storer admits notice and knowledge.

\*     \*     \*

"7. This receipt is issued under the terms of Act No. 221 of Legislative Session of Louisiana 1908.

| Lot No. | Marks | Quantity | Packages | Contents | Weight |
|---|---|---|---|---|---|
| 599 | America | 350 | Bags | Stand. F. Gr. Sugar | 100℔ each |

"IMEX WAREHOUSE COMPANY, Inc.,
"By Fred Baum (Signed)
"Corner Clay & Bienville Sts.,
"New Orleans, La."

Both defendants answered admitting the issuance of the receipt but alleging:

"*Plaintiff had no goods in the possession of the Imex Warehouse Company, Inc., for which the said receipt was executed nor was such property in the possession of the said Imex Warehouse Company, Inc., when said receipt was issued.*"

There was judgment below for plaintiff against both defendants for the amount claimed and the surety company alone has appealed.

On the trial of the case, after offering in evidence the receipt and the bond of the surety company and proving the value of the sugar, plaintiff proved, by Rabanack, Chief Clerk of the plaintiff, that the receipt had been delivered to plaintiff, at its office in this city, by Baum, the president of the warehouse company on the very day it was made out, October 20. While Rabanack was under cross-examination by defendant's attorney, the following questions, objections and rulings were made:

"Q. On that date, did you hand a check to Mr. Baum—

MR. HENRY: "May it please the Court, I don't want to be insisting on these objections, but I don't see what relevancy the question of handing a check has to do with this transaction. We are suing solely on a negotiable warehouse receipt, and he is limited to the objections which are raised in that act itself, and, if he goes beyond that scope, it seems to me it is irrelevant to the issue.

"ARGUMENT BY COUNSEL

THE COURT: "I sustain the objection. Unless you alleged fraud, the presumption is that Vallee is the holder in good faith.

MR. MABRY: "The defendant intends to prove, by cross examination, that when Vallee obtained this negotiable instrument, through his employee, Mr. Rabanack, the witness, that Vallee & Company did not have goods nor deliver goods to the Imex Warehouse Company for which this receipt was issued, and, in fact, turned over to Imex Warehouse Company an 'NSF' check which Imex Warehouse Company or which Baum individually had, on a prior occasion, given to Vallee & Company; and that, in liquidation or in settlement of this 'NSF' check, the Imex Warehouse Company, Inc., issued the negotiable receipt herein sued upon and took up the 'NSF' check, and that, at the time, there were no goods in the warehouse of Imex Warehouse Company, Inc., nor delivered to it for which this receipt was issued.

THE COURT: "This is a negotiable instrument issued by the President of the Warehouse Company and in the hands of Vallee & Company. There is no allegation of fraud in the petition, nor is there any allegation that Vallee & Company were aware of the fact that there was no sugar in the warehouse covered by the receipt in question, nor is there any allegation in the answer in regard to the 'NSF' check referred to in the bill of exceptions.

MR. MABRY: "While counsel concedes that the defendant must allege only facts from which the conclusion of fraud may be drawn by the court, and that it is not necessary to make an allegation of a conclusion, yet, at this time, in view of the ruling of the Court, the defendant requests leave to amend its answer by naming such an allegation, even though counsel does not deem it necessary.

MR. HENRY: "Counsel for Plaintiff objects to such a request on the ground that it comes too late, the case having come to trial, and, under the jurisprudence of this state, an amendment can never be allowed after a case has once been heard, and particularly an amendment charging fraud and knowledge where a negotiable instrument is involved.

THE COURT: "I think the objection is good; it is sustained."

This witness then testified that he had made futile demands, once at 2:00 p. m., and once at 4:00 p. m., in the afternoon of that same day, for the sugar.

The only witness for defendant testified that he had no carbon copy of the receipt but that it might have been issued by his company, as the stub was blank.

The sole point before this Court is the correctness of the trial judge's decision in excluding the testimony as to the check marked "NSF", because fraud was not alleged in the answer and there was no basis for so extending the hearing.

Defendant's able attorney contends that he alleged sufficient facts to show fraud and that he was not required to allege

conclusions of law. In support of this argument he cites State vs. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772, and other decisions which so hold.

All the appellate courts of this State have long recognized the truth of this principle, but it has no application here.

The allegation of the answer relied upon to sustain the argument is the averment that the goods were not in the possession of the warehouse when receipt was issued. There is no allegation that plaintiff knew this fact, and without this allegation fraud is not necessarily deducible. Section 47 of Act 221 of 1908, known as the Uniform Warehouse Receipts Act, provides that sale of a negotiable receipt by a fraudulent holder shall not impair its validity, if purchaser bought *without* knowledge for value.

The allegation that the goods were not in the warehouse when receipt was issued does not necessarily import bad faith on the part of plaintiff, nor is the conclusion of fraud a logical inference therefrom. The averment of knowledge of the invalidity of the receipt was essential, if the inference from that fact was intended to make proof of fraud permissible. There is no allegation in the answer to warn plaintiff that his good faith was suspected and the fact that he made demand for delivery twice that afternoon tends to show that he considered the receipt genuine.

The burden was on the Surety Company, which had guaranteed the faithful performance by the warehouse company of the contract, to prove lawful excuse (see Section 8, paragraph c) for failure to deliver, and before it could make such proof it was necessary to allege it. As issuance of receipt by a warehouseman knowing that the goods have not been received by him is made a crime by Section 50 of the Act, the failure to deliver for that reason is not a lawful excuse, unless allegation is made and proved that the holder was a party to the fraud.

"Proof must correspond with the allegation" is a maxim too deeply imbedded in our law to be lightly departed from:

Cambas vs. Burney & Arsola, 8 La. App. 206.

Victorie vs. Moulon, Mart. (O. S.) 400.

Rodreguez vs. Moise, 2 Mart. (W. S.) 358.

Colsson vs. Consolidated Assn. Bank, 12 La. Ann. 105.

May vs. Ransom, 5 La. Ann. 424. Dubuys vs. Farmer, 22 La. Ann. 478. Levyson vs. Ward, 24 La. Ann. 158. Jordon vs. Anderson, 29 La. Ann. 749.

Sauer vs. Union Oil Co., 43 La. Ann. 699, 9 So. 994.

Bell vs. Globe Lumber Co., 107 La. 725, 31 So. 994.

Woolin vs. United Irrigation Co., 128 La. 294, 54 So. 824.

"Fraud must be specially pleaded. Evidence of it is inadmissible under the general issue." Meister vs. Merchants Mut. Ins. Co., Mannings Unreported Cases, 169.

To permit the Surety Company to attack the validity of the principal's contract of bailment without any allegation of guilty knowledge necessarily implying bad faith on the part of plaintiff, would largely destroy the usefulness of the Negotiable Warehouse Receipt, and would necessarily clog the wheels of commerce, to which this symbol of credit daily becomes more and more essential.

For above reasons the judgment appealed from is affirmed.