CAMBAS v. BURNEY AND ARSOLA

———

(March 26, 1928. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Pleading—Par. 112, 113.**
Proof must be restricted to allegations.

2. **Louisiana Digest—Pleading—Par. 112, 113; Obligations—Par. 176, 179, 180.**
Where the basis o fthe trial Court's judgment is a verbal contract and there is no allegation in either original or supplemental petition as to any such oral agreement, the judgment will be changed into one of non-suit as timely objection was made to this evidence.

Appeal from First City Court, Div. "A." Hon. Wm. A. Bahns, Judge.

Action by Arthur E. Cambas against W. H. Burney and B. Arsola.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

E. F. Henriques, of New Orleans, attorney for plaintiff, appellee.

S. S. Goldman, of New Orleans, attorney for defendants, appellants.

JONES, J. Plaintiff sued the defendants in solido for two hundred sixty-seven and 70-100 ($267.70) dollars, on October 25th, 1926, on the following allegations:

(1) That the Canal Savings and Home-

stead Association for account of W. H. Burney had on October 5, 1922, made made a written contract with Bernard J. Arsola to erect a building in this city;

(2) That the contractor needed a surety and *at the request of Burney petitioner signed a written indemnification agreement in favor of the Fidelity & Deposit Company of Maryland*, who became surety for the contractor;

(3) That during the construction of the building the defendants without consulting or obtaining written consent of *either surety company or plaintiff indemnitor*, agreed to make and did make certain expensive changes in the building as contracted for, thereby increasing its cost;

(4) That upon completion of the building, the bills and liens thereon aggregated more than the contract price and the contractor and surety were required to pay two hundred seventeen and 70-100 ($217.70) dollars more than the final payment, for which sum they called upon plaintiff, who paid the amount and received from the surety a subrogation to its rights;

(5) That petitioner was also compelled to pay the lien of John Clade in the sum of fifty dollars ($50.00);

(6) That petitioner should recover from the defendants two hundred sixty-seven and 00-100 ($267.00) dollars, the amount which he was called upon to pay through the machinations and private arrangements and in violation of the building contract and bond between defendants, because the extra work done thereby inured to the benefit of defendants and to the prejudice of petitioner.

On November 2nd, defendant Burney filed three exceptions to this petition as follows, no cause or right of action, misjoinder of parties defendant, vagueness, and also a plea of prescription of one year. At the same time, as required by the rules of court, defendant filed his answer in which he denied the allegations of plaintiff and averred that there was only one change which increased the cost of the building, namely the substitution of bricks for concrete block, that this change, costing only twenty-five ($25.00), was made with the consent and approval of plaintiff. Respondent then set forth in detail certain other changes, made with his consent, which reduced the cost of the building several hundred dollars. Respondent then averred that plaintiff had control over all payments made by the Homestead Association; that plaintiff was negligent in supervising these payments and, therefore, legally estopped to claim restitution.

On January 11th, Exception of Vagueness was maintained and the others overruled.

On January 17th, a supplemental petition was filed averring that the lot on which the building was erected had been owned originally by W. H. Burney, and had been re-transferred to him after completion of building. This petition then set forth in great detail changes which Burney had caused to be made in the plans and specifications for the building at a cost of three hundred two and 90-100 ($302.90) dollars, all of which inured the benefit and advantage of Burney.

To this petition defendant, after filing exceptions of no cause or right of action, misjoinder and a plea of one year's prescription, answered denying in detail the various changes and averring that the cost of the building had been lowered by

all the changes considered together instead of increased.

There was judgment for plaintiff and defendant has appealed.

In his oral argument and brief, defendant's able attorney strongly insists on his exception of no cause of action and his plea of prescription.

Under the recent decisions of Appellate Courts in this State amendments are favored where the Exception of "No Cause of Action" is based on insufficiency of allegation.

See Blake vs. Jefferson St. Charles Transfer Company, et als., No. 10,542 of the docket of this Court. Also James vs. City, 151 La. 480, 91 So. 846; Stone vs. Crescent Encampment Co., Orleans App. Digest 131; Southern Equipment Co. vs. Cardwell Stove, 154 La. 109, 97 So. 332.

It would, therefore, serve no useful purpose to remand the case here, as plaintiff could amend and set up the verbal agreement which he states in his brief constitutes the basis of this suit.

As regards the plea of prescription of one year, we consider that the claim here for money due for changes in the building contract is based on contract rather than tort. Such claims have apparently been so regarded in various decisions with reference to extra work, which have been handed down by the Louisiana Appellate Courts and for this reason the judgment of the lower court on the plea of prescription is correct.

In his oral agreement and in his brief in this Court, plaintiff declares that this suit is based on a verbal agreement on the part of Burney to make plaintiff whole by reason by his becoming indemnitor.

The above detailed analysis of the entire pleadings shows that there is no allegation in either petition that Burney made any verbal contract to reimburse plaintiff for his guarnatee of the surety. In fact, the only averment even remotely approaching that requirement is the statement that plaintiff signed the indemnification agreement at the request of Burney. Under the pleadings, therefore, evidence as to the verbal contract should have been excluded upon defendant's timely objection.

Proof must correspond with the allegation.

Victorie vs. Moulon, Mart. (O. S.) 400.
Rodreguez vs. Moise, 2 Mart. (W.S.) 358.
Colsson vs. Consolidated Assn. Bank, 12 La. Ann. 105.
May vs. Ransom, 5 La. Ann. 424.
Dubuys vs. Farmer, 22 La. Ann. 478.
Levyson vs. Ward, 24 La. Ann. 158.
Jordon vs. Anderson, 29 La. Ann. 749.
Sauer vs. Union Oil Co., 43 La. Ann. 699, 9 So. 566.
Bell vs. Globe Lumber Co., 107 La. 725, 31 So. 994.
Woolin vs. United Irrigation Co., 128 La. 294, 54 So. 824.

The building contract offered in evidence is signed only by the Homestead Association, the contractor and by the surety company. The name of W. H. Burney does not appear thereon. The pertinent part of this contract in so far as the surety is concerned is found in the following words:

"AND HERE TO THESE PRESENTS INTERVENED:

"Fidelity Deposit Co. of Maryland, herein represented by Charles H. Black, its Agent and Attorney-in-fact, WHO DECLARED, in his said capacity, that he has taken cognizance of the foregoing building contract between the CANAL SAVINGS & HOMESTEAD ASSOCIATION, owner, and BERNARD J. ARSOLA, Contractor, and of the plans and specifications herein referred to, and hereby binds

said Company, its successors and assigns as surety for said Contractors in the full sum of FIFTY-SIX HUNDRED AND TWENTY DOLLARS ($5620) in favor of said Association, and all sub-contractors, workmen, laborers, mechanics and furnishers of materials, jointly, as their interests may appear, and for the payment of all subcontractors, workmen, laborers, mechanics and furnishers of materials by said Contractors, as provided by Act 262 of the General Assembly of the State of Louisiana approved July 6, 1916, as amended, and all other laws on the same subject the Canal3)4,H the quick brown foxjum matter.

"It is hereby understood and agreed by and between the CANAL SAVINGS & HOMESTEAD ASSOCIATION, the Contractors and the Surety that any change made in the original contract, drawings or specifications, without the written consent of the CANAL SAVINGS & HOMESTEAD ASSOCIATION, shall not release the said Surety under this contract and bond. The said Surety also agrees and understands that if the building herein contracted for has already been commenced, such commencement shall in no manner relieve ..ι from its responsibility under this contract."

It will be noted that the petitioner avers that the changes were made by the contractor without the consent of the surety or plaintiff (the indemnitor) but makes no mention of the owner, the Homestead Association, although the above quoted pragraph shows that the surety was bound only for the faithful performance of the contract in accordance with the specifications and plans and for such changes as were made without the consent of the Homestead Association. The contract of indemnification is not in the record.

If the evidence as to the verbal agreement be left out, plaintiff entirely failed to prove any legal claim against Burney, although the record tends to show that he has equitable rights.

After careful consideration of the entire record, we have concluded that the purposes of Justice will be best served by affirming the judgment as to Arsola, who has made no defense and takes no appeal and by entering a judgment as of non suit as to Burney.

It is, therefore, ordered, adjudged and decreed that the judgment as to Arsola be affirmed and there be judgment as of non suit as against defendant, W. H. Burney.