PRICE, Judge.
This is an appeal from a judgment sustaining exceptions of no cause of action and res judicata thereby rejecting the demands of an insurer seeking to recover unpaid premiums on a policy from the loss payee.
On August 21, 1969, John W. Woodle procured a loan from the Commercial National Bank in Shreveport to finance the purchase of an automobile. On the same date he obtained a policy of collision insurance from Insured Lloyds Insurance Company through Tri-State General Insurance Agency in Bossier City. The policy bore an endorsement naming Commercial, the mortgagee of the insured vehicle, as the loss payee as its interest might appear. The insured automobile was involved in a collision on August 29, 1969, and was a total loss. Commercial filed suit to collect its value from Insured Lloyds.
By contract of release dated January 7, 1970, Commercial acknowledged receipt of the sum of $1,200.00 as full payment for all claims against Insured Lloyds stemming from this incident. Thereafter, on January 29, 1970, Insured Lloyds filed this action against Woodle and Commercial, seeking to hold each liable for the allegedly unpaid premium for the insurance policy. In its petition Insured Lloyds alleges Woodle acquired the policy on August 21, 1969, and attempted to finance the premium through Premium Acceptance Company, Inc. The financing contract attached to plaintiff’s petition shows the total premium for the policy to be $362.56. Woodle paid a down payment of $126.56 and agreed to pay the balance, including a $22.00 finance charge, in eight monthly installments of $32.25 each.
Plaintiff alleges Woodle failed to pay any of the installments on the note, which has been endorsed to it by Premium Acceptance Company. Plaintiff’s action against Woodle in this suit is under this contract for all sums remaining due thereunder, inclusive of the finance charge.
The demand against Commercial is grounded upon the alleged obligation of the payee under the loss payable clause of the endorsement to the policy agreeing to pay any unpaid premiums. The pertinent language of the endorsement relied on by plaintiff reads thusly:
“* * * that in case the Lessee, Mortgagor, Owner or other Debtor shall neglect to pay any premiums due under such policy the Lienholder shall, on demand, pay the same.”
Woodle filed no responsive pleadings and judgment was rendered against him by default. Commercial filed exceptions of no *864 cause of action and res judicata. Commercial contends the pleadings of the plaintiff, together with the attached finance contract, conclusively show that the full premium was paid by Woodle with funds obtained from Premium Acceptance and the only cause of action open to plaintiff is the suit on the note brought against Woodle. Commercial also questions their obligation as a loss payee for liability for the premium under the prevailing Louisiana jurisprudence, citing the case of Rhett, O’Bierne & Lochridge v. Jefferson Parish Homestead Association, Orleans App. No. 8534.
The trial judge in his reasons for sustaining this exception concluded there is no obligation for a loss payee to pay an unpaid premium on an insurance contract as this constitutes the promise to pay the debt of another, which under the law must be in writing to be enforceable.
The loss payable clause involved in this litigation is the type commonly referred to as the “standard” or “union” clause. This clause contains provisions affording coverage to the loss payee regardless of any actions of the insured which would defeat his recovery of policy proceeds. Because of this benefit to the loss payee, the majority of courts find there is a separate and distinct contract between the insurer and the loss payee.
Although there is a diversity in the jurisprudence on the question of whether the obligation to pay premiums by the mortgagee is absolute or conditional, the facts of the case under consideration render this distinction immaterial. Under the theory the obligation is conditional, the payment of premiums is a condition precedent to recovery of the proceeds if a loss occurs. The loss did occur in this case and the proceeds have been paid to the mortgagee, thereby converting a conditional to a matured obligation.
This case is therefore distinguishable from the cited case of Rhett, O’Bierne & Lochridge v. Jefferson Parish Homestead Association, supra. For a further understanding of the obligations of the mortgagee to pay premiums under the “standard” or “union” clause, see Appleman Insurance Law and Practice, Chapter 281, Section 7842.
The most serious question raised in this appeal is whether there has been payment of the premium to Insured Lloyds or its agent, Tri-State General Agency, through the financing arrangement effected with Premium Acceptance. This matter is before us on the sustaining of an exception of no cause of action by the trial court. Therefore, the issue must be considered solely on the basis of the allegations contained in plaintiff’s petition, together with the attached documents. La.Code of Civil Procedure, Article 931.
In order to sustain the exception of no cause of action on the basis of prior payment of the premium by the insured, we must determine that Insured Lloyds, or its authorized agent, received the proceeds of the loan made by Woodle from Premium Acceptance, or that the note was accepted by them as payment of the premium, in effect constituting a novation.
It is impossible to determine by the pleadings themselves if the proceeds of the loan effected through Premium Acceptance were transmitted to Insured Lloyds. This is a matter which would necessitate the taking of evidence and cannot be decided on the basis of the pleadings themselves.
Under the provisions of La.Civil Code Article 2190, novation is never presumed but, to the contrary, the intent to discharge the original debt by the acceptance of another obligation must be shown clearly from the circumstances of the transaction. A mere change in the form of a debt does not work as novation. T. B. Jordan & Co. v. Anderson, 29 La.Ann. 749 (1877).
*865 Viewing the question solely on the allegations of the petition and documents forming a part thereof, we are unable to say that there was any intent on the part of Insured Lloyds to novate the indebtedness for the premium due by the acceptance of the note from Premium Acceptance by a blank endorsement.
Commercial urges in brief that the delivery of the policy to the mortgagee without any indication thereon that the premium has not been paid in full creates the presumption that it has been fully paid, and, absent such a presumption, they would not have made the loan to Woodle. We know of no authority creating this presumption, nor have we been cited any by appellee.
The basis of the exception of res judicata filed by Commercial is the compromise of its suit against Insured Lloyds to recover the value of the destroyed automobile. In support of the exception Commercial filed in evidence a copy of its petition in that suit and the written compromise agreement. Commercial contends the actual dispute precipitating that suit was the refusal of Insured Lloyds to pay the loss without deducting the balance of the premium owed on the policy and that the compromise and settlement of the suit included the dispute over payment of premiums.
The plea of res judicata finds its authority in La.Civil Code Article 2286:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
The cases interpreting this article have held the plea, being one which precludes an examination of the merits, must be established beyond all question by the party relying on same. Clay v. His Creditors, 9 Martin (O.S.) 519 (1821); Fink v. Martin, 5 La.Ann. 103 (1850). All of the elements provided by Article 2286 must be present for the plea to be maintained.
Although there are allegations contained in the petition of Commercial in the previous suit which indicate the refusal of Insured Lloyds to pay the loss was due to a dispute over the obligation of Commercial to pay the premium out of the proceeds, these allegations were never put at issue by the filing of responsive pleadings and the sole object of that action was the recovery of the value of the damaged automobile.
We interpret the release agreement as being nothing more than a release by Commercial of Insured Lloyds for the demands made in the action instituted for the proceeds of the collision loss.
We are therefore of the opinion the trial judge committed error in sustaining the exceptions of no cause of action and 'of res judicata.
For the foregoing reasons the judgment appealed from is hereby reversed and the exceptions of no cause of action and res judicata are overruled. The case is hereby ordered remanded to the First District Court for further proceedings in accordance with law and the views herein expressed.
. Costs of the appeal are to be paid by appellee.