OYBRTON, J.
 

 Plaintiff instituted this suit, alleging that on October 27, 1920, while riding as a passenger on a train that was being operated by the Texas & Pacific Railway Company, she was, due to the gross negligence of that company, its agents and employees, seriously injured, and demanding judgment against the company for damages for the injuries thus received by her. The suit was filed on September 1, 1921. Seven days later, which was before citation had been issued and served, plaintiff filed a supplemental petition, in which she alleged that, since the filing of her original petition, she had learned that the Texas & Pacific Railway Company was in the hands of receivers, and that John D. Lancaster and Charles L. Wallace were its receivers, and were maintaining a domiciliary office in the city of New Orleans, and prayed that the Texas & Pacific Railway Company be cited, through said receivers, to appear and answer the original and supplemental petitions filed, and that there be judgment as prayed for in the original petition, against said company and its receivers as such. This amended petition was filed without an order of court permitting it to be filed. After it was filed, the clerk issued a citation directed to said railway company, through its receivers, sum
 
 *415
 
 moning said company, through them, to comply with plaintiff’s demand, or to answer the petitions filed by plaintiff, certified copies of which accompanied the citation. The sheriff made service on September 9, 1921, and in his return recites that he served a copy of the citation and of the petition which accompanied it on the Texas & Pacific Railway Company, through its receivers, J. L. Lancaster and Charles L. Wallace, by leaving the same at their office in the hands of O. H. Decker, the chief clerk for said receivers ; the receivers, themselves, being absent from the office. On October 20, 1921, the railway company filed an exception, based on the ground that plaintiff’s petition disclosed no. cause of action as against it for the reason that, at the time of the accident, the company was in the hands of receivers, appointed by the United States District Court for the Western District of Louisiana, and did not have control over the operation of its railway line, and therefore is not responsible for the alleged accident. On November 15, 1921, the receivers excepted to the suit on the ground that they had not been cited as required by law. Two days later, and more than a year after the occurrence of the accident, plaintiff filed a second supplemental petition, in which she alleged for the first time that the accident complained of occurred while the railway was being operated by receivers, and that the negligence charged in her original petition occurred while the road was being so operated, and is chargeable to the receivership. In this supplemental petition she prayed for judgment against John L. Lancaster and Charles L. Wallace, receivers of the Texas & Pacific Railway Company, and had them cited accordingly. Some weeks after the filing of the foregoing exceptions, the receivers filed a plea of prescription of .one year. All of the exceptions filed were overruled. Both the railway company and the receivers, then, after reserving the benefits of their exceptions, filed an answer. The ease was tried, but was not decided on the merits, for the reason that, before a decision was reached, the trial court concluded that the exception of no cause of action, filed by the railway company, and the plea of prescription, filed by the receivers, were good, and therefore reconsidered its former action in reference to that exception and plea, and sustained them, dismissing plaintiff’s suit. An appeal was taken to the Court of Appeal, First Circuit, and that court rendered judgment, affirming the judgment of the trial court. The ease is now before us on a writ of review.
 

 Plaintiff makes no complaint against the ruling of the Court of Appeal sustaining, the exception of no- cause of action, filed by the railway company. In fact, there are no grounds upon which to assign error, in this respect, for, when the Court of Appeal sustained the exception, there was a petition before it, including the amendments, showing that at the time the accident occurred the railway company was in the hands of receivers ; that its railway line and other property were under their exclusive control and management, and that the negligence which caused the accident was chargeable directly to the receivership. Under these facts, the railway company was not liable. High on Receivers, p. 549, § 396; Gableman v. Peoria Railway Co. (C. C.) 82 F. 790; Memphis & Charleston R. Co. v. Hoechner, 67 F. 456, 14 C. C. A. 469.
 

 What plaintiff complains of chiefly is that the Court of Appeal erred in holding that the course of the prescription, pleaded by the receivers, was not interrupted by the service of the original and first supplemental petitions, and of the citation, directed to the railway company, through its receivers, and accompanying those petitions. On the other hand, the receivers say that the course of prescription was not interrupted, (1) because
 
 *417
 
 the first supplemental petition did not have the effect of amending the original petition, so as to make the suit one against the receivership, for the reason that this supplemental petition was filed without an order of court permitting it to be filed; (2) because, although the citation, which issued in connection with the original petition, and the first supplemental petition, uses the word “petitions,” in referring to the documents accompanying the citation, yet the return of the sheriff thereon shows that he served a copy of the citation and petition that accompanied the citation, which implies that he servéd a copy of only one petition, when it was necessary that he should have served copies of both; (3) because the citation that accompanied the original and first supplemental petitions was invalid in that it was directed to the “Texas & Pacific Railway .Company, a foreign corporation, doing business in the state of Louisiana, through John L. Lancaster and Chas. L. Wallace, its receivers,” when it should have been directed to the receivers ; (4) because service of citation and of the petition or ijetitions was made by delivering them to the chief clerk of the receivers, at their office, the receivers being absent therefrom, when the law provides for only two kinds of service in such instances, to wit, personal service, and service at the residence of one of the receivers, that is to say, domiciliary service; and (5) because the original and first supplemental petitions did not convey to the receivers sufficient knowledge of the claim against them to interrupt prescription.
 

 Article 3518 of the Civil Code provides that—
 

 “A legal interruption [of prescription] takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.”
 

 Under this article it is not necessary, in order to interrupt the course of prescription, that the citation be technically correct or even sufficiently correct to form the basis of a j'udgment, nor is it necessary that the petition state a technically complete cause of action. Thus, in Gueble v. Town of Lafayette, 118 La.- 494, 43 So. 63, the plaintiff prayed that the town be cited through its proper officer. Instead of addressing the citation to the town, the clerk addressed it to the mayor, and copies of the petition and citation were served on the.latter. This court, while recognizing that the citation was not sufficient to require the town to answer the demand, yet held that, in connection with the copy of the petition served, it was sufficient to interrupt prescription.
 

 And in McOubbin v. Hastings, 27 La. Ann. 713, in which an exception of no cause of action was sustained, with leave to the plaintiff to amend, it was said:
 

 “After the amendment was made, defendant then pleaded the prescription of one year. The plea was properly overruled. The demand was made within the year of the alleged tort. The demand is the test, and not the sufficiency of the allegations which support it.”
 

 And, in King v. Guynes, 118 La. 344, 42 So. 959, it was said:
 

 “The law considers the fact rather than the form of judicial notice in the matter of the interruption of prescription. The word ‘cited,’ as used in Civ. Code, art. 3518, has been construed to mean any kind of judicial notice which brings home to the defendant knowledge of the demand instituted against him, such as notice of seizure and sale in executory proceedings, or seizure and notice under execution of a 12 months’ bond. Cloutier v. Lemee, 33 La. Ann. 305.”
 

 And, in Vernon v. Illinois Central R. Co. and Boutrie v, Director General of Railroads, 154 La. 370, 97 So. 493, it appeared that, in the first-named suit, plaintiff asked for judgment against the railroad alone, for damages for the death of her minor son, but had citation addressed to the Director General,
 
 *419
 
 and caused it to be served upon bim, together with a copy of the petition against the railroad; and, in the second suit, named in the title, which whs instituted after the plaintiff’s name had been changed by marriage, it appeared that she sued the Director General of Railroads on the same cause of action as the first, that more than a year had elapsed between the death of her son and the bringing of the last-named suit, that the Director General filed a plea of prescription of one year in the second suit, and, in passing upon the question as to whether or not prescription had been interrupted by the first suit, this court held that it had' been, and said:
 

 “Construing that article [3518 of the Civil Code], this court has decided in numerous cases that a citation to defendant, no matter how informal or insufficient to serve as the basis of a suit and judgment, nevertheless generally sufficed to interrupt prescription.
 

 “For the purpose of this case the following seem to us pertinent:
 

 “In Blanc v. Dupre, 36 La. Ann. 847, it was held that a suit instituted by the curator of a vacant succession, whose appointment was null, nevertheless interrupted prescription in favor of the heir; citing Flower v. O’Connor, 17 La. 219, holding that—
 

 “ ‘If it be established that the defendant had been judicially notified of the titles which are the foundation of the demand, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by suit, there results from said suit a legal interruption in favor of those to whom such rights belong.’
 

 “In the last-named ease the first suit had been brought upon a partnership claim by a surviving partner who did not have authority to represent the other parties in interest, but it was held, nevertheless, that such suit interrupted the prescription in favor of all parties.
 

 “In Succession of Saunders, 37 La. Ann. 772, it was held that a suit against a person in his individual capacity interrupted prescription against him in his representative capacity, as executor of another, where the cause of action and thing demanded were the same.
 

 “In Succession of Winn, 27 La. Ann. 688, it was held that a rule on an executrix to file an account and sell property, if she had not sufficient funds to pay the claim interrupted prescription as to such claim.
 

 “On the whole we think the Director General was sufficiently informed, by the citation and petition served upon him, of the nature of plaintiff’s claim and of the fact that she was demanding payment thereof; in other words, he was ‘cited to appear in a court of justice on account of’ said claim, sufficiently to interrupt prescription therein.”
 

 But in the case at bar Counsel for the receivers contend, as we have seen, that the citation, on which rests the claim that prescription was interrupted, is invalid, in that it was directed to the corporation, through its receivers, instead of to the receivers, and, in fact was no citation to the receivers at all, and hence cannot serve as a basis for the interruption of prescription.
 

 In this connection it should be observed that, in providing for the manner in which citation shall be addressed, subdivision 2 of section 1 of Act 179 of 1918 prescribes that:
 

 “If addressed to an individual in a representative capacity, whether as executor, administrator, tutor, * * * liquidator,
 
 receiver,
 
 agent or other representative capacity, same may be served personally; and in all such cases the citation or other legal process or notices or other papers issued by sheriffs or constables, shall be addressed to the party represented, through the representative, stating his capacity.” (Italics ours.)
 

 In our view, the citation in the present instance was addressed strictly in accordance with the statute. Counsel for the receivers, however, contend that the paragraph of the section cited can have no application to claims for liability arising during the receivership, but only to those incurred before. In this we are unable to agree with learned counsel.' In our opinion the paragraph applies to both classes of claims.
 

 The next question is, Was the service of process that was made sufficient to interrupt prescription? This involves the question, whether or not the return of the sheriff that he served “a copy of the citation and accompanying petition” should be construed as
 
 *421
 
 meaning that the sheriff served a copy of the original petition and of the first supplemental one, which the citation states accompanied it. In our opinion, the return should he so construed. The original petition and the amendment to it constituted but one petition. There was only one citation for both petitions, and naturally the sheriff made his return in-the manner stated. .Certainly, if only one of the two petitions were served, the return of the sheriff was sufficient to have thrown the burden on the receivers to show that only one of the two was served, and no effort was made to show this.
 

 The question of the sufficiency of the service also involves the further question whether or not the service made on the Texas & Pacific Railway Company, through the receivers, by the delivery of process to the chief clerk of the latter, in their office, the receivers being absent therefrom, was sufficient to interrupt prescription. In our opinion it was. It is true that subdivision 2 of section 1 of Act 179 of 1918, quoted above, says that process “may be served personally,” - but the use of the word "may” shows that the method there prescribed is not exclusive. While there is no statute expressly so providing, yet, in our view, the receivership may be also served in the same manner as that provided for service on corporations. In this view we find support. In 14a C. J. verbo “Corporations,” p. 1011, § 3264, it is said:
 

 “Service upon the receivers, however, may he made upon their local agents in accordance with statutory provisions referring primarily to corporations”—citing, among other authorities, Eddy v. Lafayette, 163 U. S. 456, 16 S. Ct. 1082, 41 L. Ed. 225.
 

 And paragraph (b) of subdivision 6 of section 1 of Act 179 of 1918 provides, under certain circumstances, that service upon a foreign corporation (the Texas & Pacific Railway company being a foreign corporation) may be made upon a regularly employed agent or employee of the corporation, over a certain age, in any office which the corporation may have established and maintained in this state. It is true that, in the present instance, the sheriff’s return does not show that the receivers could not be found, but the service was made by delivery to one in the office of the receivership, whose duty it was, under the law, to deliver the process to the receivers, and that is sufficient to interrupt prescription.
 

 Nor do we think, under the law, that the failure of the plaintiff to obtain an order of court to file the first supplemental petition has the effect of preventing the interruption of prescription. True, the order should have been obtained, although the amendment was filed before issue joined. Baines v. Higgins, 2 La. 220. However, the amendment was filed and served, and the fact that its filing was not preceded by an order of court did not prevent the service made from conveying judicially to the receivers knowledge of the contents of the petition; the filing and service ^nade being sufficient for that purpose. Hence, as knowledge of the contents of the petition was conveyed to the receivers judicially, we are of the opinion that this point is not well taken. Moreover, it may be observed that the receivers answered this supplemental petition without raising the question that it had been filed without an order of court.
 

 We are also of the opinion that the original and first supplemental petitions conveyed to the receivers sufficient knowledge of plaintiff’s claim against them to interrupt prescription. The original petition stated a complete cause of action against the railway company. The first supplemental petition contained a prayer for judgment against the receivers. All that may be said to be lacking in the latter, when read in connection with the original petition, to show a complete cause of action against the receivers, was the allegation that at the time of the accident the railway company was in the hands
 
 *423
 
 of receivers, and that 'the alleged accident’ was due to the fault of the receivers instead of to the fault of the railway company. However, the original petition alleged the date of the accident; and, as on that day the railway company was in the hands of receivers, and had been for four years prior, thereto, the absence of that allegation did not have the effect of preventing the interruption of prescription, for the allegation, setting forth the date of the accident, and the service of the petition, containing that allegation, conveyed to the receivers knowledge, judicially, that the accident occurred under the regime of the receivership, and the demand for judgment against them conveyed to them knowledge that they were being held by plaintiff responsible for the alleged negligence and accident that occurred under their regime.
 

 Eor the reasons assigned, the judgment of the Court of Appeal and of the district court is amended by overruling said plea of prescription, and by reinstating said case, as to the receivership, on the docket of the trial court, to he proceeded with according to law, and in all other respects the judgment of the Court of Appeal is affirmed; the costs of the Court of Appeal and of this court to be borne by the receivership, and the costs of the lower court to remain in abeyance until the final decision of this case.