(123 So. 122)

No. 29805.

KUNNES v. KOGOS.

In re KUNNES.

May 20, 1929. Rehearing Denied June 17, 1929.

Deutsch & Kerrigan, of New Orleans, for applicant.

Herve Racivitch and R. L. Hickerson, both of New Orleans, for respondent.

THOMPSON, J. The plaintiff filed a petition in the First city court for the city of New Orleans asking for judgment against defendant on two promissory notes for $75 each.

Citation was issued out of said court commanding the defendant to appear and comply with the demand or file answer within the legal delays.

The petition was addressed to the judges of the civil district court for the parish of Orleans, instead of to the judges of the First city court of the city of New Orleans, the court in which the suit was to be filed and was actually filed.

The defendant appeared and excepted to the petition on the ground that it was addressed to the wrong court and that the suit should be dismissed.

Whereupon the plaintiff tendered and was permitted to file a supplemental petition properly addressed to the court in which the original petition was filed and was then pending, alleging that through inadvertence the original petition was addressed to the judges of the civil district court for the parish of Or-

leans, whereas the petition should have been addressed to the judges of the First city court. The prayer was that the supplemental petition making the correction of the error be filed, that a copy of the same be served together with citation, and after due proceedings there be judgment against defendant as prayed for in the original petition.

Service of this supplemental petition and citation was made, and after all legal delays had elapsed and a hearing had, the exception filed by defendant was overruled, and judgment was rendered against the defendant for the amount sued for.

On appeal to the Court of Appeal, the judgment was reversed and the plaintiff's suit dismissed.

Whereupon an application for review was presented to this court and was granted.

There can be no doubt that it is essential to the validity of a petition that it should mention the name or the title of the court in which it is filed and in which judgment is asked.

In other words, the petition must be addressed to a competent court, the one in which the cause of action is intended to be presented. Code of Practice, articles 171 and 172.

And any judgment rendered on a petition not so properly addressed, or addressed to a court different from the one in which the suit was filed and judgment is rendered, would be an absolute nullity, such a nullity as could be pleaded at any time and anywhere and by any person against whom such judgment was sought to be opposed. And that seems to be conceded in the instant case.

The real question, therefore, is whether an error or mistake in addressing a petition to a court different from the one in which the petition is actually filed, and which has jurisdiction of both the person against whom the suit is filed and the subject-

matter of the demand, can be cured by a supplemental or amended petition filed before issue is joined giving the proper name and title of the court.

The Court of Appeal rested its decision on the cases of Watson v. Pierce, 6 Mart. (N. S.) 417, and Wadsworth v. Harris, 1 Rob. 96.

In the first case the petition was addressed to the court of West Feliciana, but was filed in the court of East Baton Rouge where the defendant resided. The defendant made no appearance, and when the plaintiff moved for a default the court on its own motion refused to permit the default and refused to allow the plaintiff to amend his petition to correct the error.

The reason given by the court was that it had no jurisdiction of the case despite the· fact that the defendant resided in the parish and the subject-matter of the suit was within the jurisdiction of that court.

In the second case cited an injunction was issued on a petition filed in the district court but which was addressed to the parish court.

The court followed the Watson-Pierce Case, and held that the error was fatal under the articles of the Code of Practice cited and that the error could not be corrected by a supplemental or amended petition even before issue was joined.

Neither of the cases cited furnish any sound or adequate·reason in law for denying the plaintiff the right to correct the mistake in addressing the petition to the wrong court, a court which did not have jurisdiction of the person as shown by the allegations of the petition.

The ruling, moreover, was not only not sound, but it was vain and useless, since the plaintiff could have immediately filed a new suit and in one of the cases could have obtained another injunction.

The two cases stand alone in the juris-

prudence of this state, and while they have not been expressly overruled, they have not been followed.

The later jurisprudence has gotten away from the rule of extreme technical construction which prevailed at the time said decisions were rendered, and has established the doctrine that amendments to pleadings will always be · allowed whether before or after issue joined, in the promotion of justice and where they cause no injury.

To illustrate the tendency of the jurisprudence since the two cases referred to supra, we will quote' from a selected few of the numerous cases to be found in our jurisprudence.

In the case of Meyer v. Farmer, 36 La. Ann. 785, it was held that amendments are reducible to no unbending rule, each case being left to the sound discretion of the court.

"They should always be permitted where they tend to the furtherance of justice and cause no injury, without prejudice to the right of the other party, who may plead and show surprise, to ask time to prepare himself."

In Commercial Natl. Bank v. Smith, 150 La. 234, 90 So. 581, the court· said:

"A supplemental and amendatory petition may properly be allowed prior to issue joined, amending the petition in any respect that the judge may find the interests of justice to require, whether it be to supply a cause of action where none has been alleged, or other·' wise; the law being silent upon the subject, and interposing only upon the joinder of issue, and thenceforward limiting the authority of the judge to cases in which the amendment allowed will not alter the substance of the original demand."

In the case of James v. City of New Orleans, 151 La. 480, 91 So. 846, the court reviewed quite a number of the cases in which

amendments had been denied, as well as those in which amendments had been allowed, with the ultimate conclusion of the court as follows:

"We are not aware of a decision denying the right of a plaintiff to amend his petition, without tendering any new issue or altering the substance of his demand, at any time before trial."

In Wolff v. Hibernia Bank, 161 La. 348, 108 So. 667, it was said:

"The rule is that an amendment is always allowed, if offered at a time when it will not operate to give the pleader an unfair advantage, or introduce a new issue into the case, or change the substance of the demand." See, also, Williamson v. Williamson, 164 La. 144, 113 So. 796.

The latest expression on the subject of amendments is to be found in Southport Mill v. Friedrichs, 167 La. 101, 118 So. 818, in which it is said:

"The whole tendency of modern practice is to yield as little as possible to technicalities and afford aid to the filing of amendments as far as is consistent with substantial justice."

It is no sufficient justification in law to say, as was said in the Watson-Pierce Case, that there was nothing before the court to amend.

The petition in the instant case was filed in the First city court, and the defendant was cited to answer the demand in that court.

Therefore all parties were before the proper and the competent court rationæ materiæ and personæ. The supplemental and amended petition contained the demand and prayed for the same judgment as the original petition, and the only change was to correct the style and name of the court in which the suit was pending. Nothing more could have been done by the plaintiff except the filing of a new suit in the same court, on the same cause of action, and against the same defendant.

The defendant was deprived of no rights whatever. He was given the same delay to answer the supplemental petition as he would have been entitled to had a new suit been filed.

The ruling complained of is clearly not in keeping with the presently existing jurisprudence. The filing of the amendment could not possibly work any injury to the defendant, but, on the contrary, it was in the furtherance of substantial justice.

It is due to the Court of Appeal to say that, while recognizing the liberal modern rule with reference to amendments of pleadings, it felt constrained to follow the two earlier cases, in the absence of any express declaration of the Supreme Court overruling them.

For the reasons given the judgment of the Court of Appeal is reversed and that of the First city court of the city of New Orleans is reinstated and made final. The defendant to pay all costs incurred in all of the courts.

O'NIELL, C. J., absent, takes no part.