KING v. ILLINOIS CENT. R. R. CO. ET AL.

(December 1, 1930. Opinion and Decree.)

Dart & Dart and Louis C. Guidry, of New Orleans, attorneys for plaintiff, appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, attorneys for defendants, appellees.

WESTERFIELD, J. On April 2, 1917, plaintiff brought suit in the civil district court against the Texas & Pacific Railroad Company, the Illinois Central Railroad Company, and the Director General of Railways of the United States. For cause of action, plaintiff alleged that he had delivered to the Texas & Pacific Railroad Company, at Fort Worth, certain mules and horses in good order and condition for shipment to Amite, La., and that when the animals arrived at destination all of them were seriously ill and ten of them died on the day of delivery. He claimed $1,224.50 as damages for loss occasioned through the alleged negligent handling of the animals.

The Director General of Railways excepted on the ground that plaintiff's petition disclosed no cause of action for the reason that the United States did not assume control of railways and their appurtenances until after December 31, 1917, and that since the cause of action upon which the suit was brought arose prior thereto, the petition as to him disclosed no cause of action.

The Illinois Central Railroad also filed an exception of no cause of action, the grounds of which do not appear in the pleadings.

The Texas & Pacific also excepted upon the ground that plaintiff's petition disclosed no cause of action, setting up that J. L. Lancaster and Pearl Wight were appointed co-receivers of the Texas & Pacific Railway Company, on October 27, 1916, by the United States District Court for the Western District of Louisiana, and on that date, which was long prior to the transactions upon which this suit is based, its property was continuously operated by said receivers until January 1, 1918, when the line was taken over by the President of the United States through the Director General of Railways, under whose control and management its property was, at that time, being operated.

The exception of the Illinois Central Railway Company was referred to the merits and defendant subsequently answered the petition.

The exceptions of the Director General of Railways and of the Texas & Pacific Railway Company were maintained on January 6, 1921, and the suit as to these defendants dismissed. On April 5, 1926, with permission of the court, plaintiff filed a supplemental petition, in which it was alleged that though the receivers of the Texas & Pacific Railway Company had been duly served with citation, no answer had been made by them to his original petition, and that since the institution of this suit, the United States District Court for the Western District of Louisiana on the 14th day of May, 1925, had entered a decree discharging the receivers of the Texas & Pacific Railway Company and ordered the delivery of its funds and property in their hands to that corporation subject to and charged with "such judgments as might thereafter be rendered by the State courts against the receivers, and further ordering that the Texas & Pacific Railway Company shall defend all claims growing out of the operation and administration of the receiv-ers, or against the company, then pending in any State court."

It was further alleged that at the time the cause of action arose, the Texas & Pacific Railway Company was under the administration of the receivers, and prayed for citation against that company and an order directing that it be required to answer both petitions.

On June 9th, the Texas & Pacific Railway Company, through its attorneys, filed a rule to show cause why the order authorizing the filing of the supplemental petition should not be revoked as having been improvidently issued upon the ground that the Texas & Pacific Railway Company had been dismissed from the suit by a judgment maintaining its exception of no cause of action signed on January 7, 1921. After a trial of this rule it was made absolute and the order permitting the filing of the supplemental petition recalled. From this judgment plaintiff has appealed.

Counsel for appellant contend that in maintaining the exception of no cause of action filed by the Texas & Pacific Railway Company his suit was dismissed as to that company, but that since the service of citation was made upon the receivers and no answer or appearance was made in behalf of the receivers, his cause of action as to the receivers has not been affected for the reason that the supplemental petition set up a cause of action against the receivers judicially charged with the defense of this suit, and that no appearance having been made on behalf of the receivers and no judgment of court dismissing them having been rendered, his claim is still good and enforceable as against their successor.

Counsel for appellee argued that no suit was ever brought against the receivers of the Texas & Pacific Railway Company, as such; that the original petition set up a cause of action against the corporation, the

only reference to the receiver being in the prayer where citation of the company was asked "through its receivers"; and that the exception on behalf of the Texas & Pacific Railway Company having been maintained and that on behalf of the Director General of the Railways having been maintained, the only party left in the suit is the Illinois Central Railway.

Appellant relies upon Anding v. Texas & Pacific Railway Co., 158 La. 412, 104 So. 190, 194. In that case a passenger sued the Texas & Pacific Railway Company for personal injuries for which it was alleged to be responsible. Suit was filed on September 1, 1921. Seven days later a supplemental petition was filed in which plaintiff alleged that since the institution of the suit, she had learned that the Texas & Pacific Railway Company was in the hands of receivers, J. L. Lancaster and Charles L. Wallace. She asked that the company be cited "through its receivers" and prayed for judgment against the company and its receivers as such. The receivers were duly cited, whereupon the railroad company on October 20, 1921, excepted on the ground that the plaintiff's petition disclosed no cause of action against it for the reason that at the time of the accident the company was in the hands of receivers appointed by the United States District Court for the Western District of Louisiana. On November 15, 1921, the receivers excepted on the ground that they had not been properly cited. On November 17, 1921, more than one year after the accident, a supplemental petition was filed in which it was alleged for the first time that the accident complained of occurred while the railroad was being operated by the receivers. In this petition judgment was asked against the receivers and the railroad company. Subsequently the receivers filed a plea of prescription of one year. The plea was maintained and on appeal to the Supreme Court overruled. In that case, as in this, it was contended that the citation being directed to the corporation through its receivers was directed to the corporation and not the receivers, and that consequently no citation upon the receivers had been made.

In overruling this contention the Supreme Court said that the first supplemental petition contained a prayer for judgment against the receivers and, when read in connection with the original petition, showed a complete cause of action against the receivers, although there was no allegation in the petition to the effect that, at the time of the accident, the company was in the hands of receivers. "However," said the court, "the original petition alleged the date of the accident; and, as on that day the railway company was in the hands of receivers, and had been for four years prior thereto, the absence of that allegation did not have the effect of preventing the interruption of prescription, for the allegation, setting forth the date of the accident, and the service of the petition, containing that allegation, conveyed to the receivers' knowledge, judicially, that the accident occurred under the regime of the receivership, and the demand for judgment against them conveyed to them knowledge that they were being held by plaintiff responsible for the alleged negligence and accident that occurred under their regime."

It is admitted that the Anding case is authority for the proposition that citation such as was made in this case is sufficient to interrupt prescription as against the receivers of the defendant corporation, but it is argued that it is not sufficient to convert the suit which was directed against the railroad company into one against the receivers, and since under indisputable authorities a corporation is not liable for

torts occurring during the operation of its property by receivers, (Memphis & Charleston Railway Co. v. Hoechner (C. C. A.) 67 F. 456; Anding v. Texas & Pacific Railway Co., supra), and since the receivers have never been impleaded, they have never been brought into court.

The weakness of this argument lies in the fact that the receivers have been brought into court by the supplemental petition because their successor was judicially charged with the defense of suits, like the present one, consequently since plaintiff's cause of action was reserved to him by the service of the original petition, defendant is now before the court, not for the purpose of being held responsible for any tort committed by the receivers at the time its property was administered by them, but by reason of its having assumed, in taking over its property, the obligation of defending suits against the receivers. Here, as in the Anding case, the supplemental petition considered with the original petition makes out a complete cause of action against the receivers with the possible exception that it is not alleged that at the time the cause of action arose the railroad company was in the hands of receivers, but here, as in the Anding case, the date is given, and "as on that day the railway company was in the hands of receivers * * * the absence of that allegation * * * conveyed to the receivers knowledge, judicially, that the accident occurred under the regime of the receivership."

We are of the opinion that the case cannot be distinguished from the Anding case; consequently, and for the reasons herein assigned, the judgment recalling the order permitting the filing of the supplemental petition is reversed, and it is now ordered that this case be remanded for further proceedings according to law and not inconsistent with the views herein expressed.