## BRANDON v. KANSAS CITY SOUTHERN RY. CO.

### No. 2463.

District Court, W. D. Louisiana, Shreveport Division.

Jan. 4, 1934.

See, also, 3 F. Supp. 818.

Julius T. Long and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, La., for plaintiff.

Wilkinson, Lewis & Wilkinson, of Shreveport, La., for defendant.

DAWKINS, District Judge.

Plaintiff alleges that she is the widow of Joseph M. Brandon, who was, on January 17, 1932, killed in a collision between a train of defendant and the automobile in which deceased was riding. She further alleges that on January 11, 1933, she filed in this court, jointly with one Beale (who was also an occupant of the automobile), a suit for the same cause of action, which was finally dismissed on June 19, 1933, on an exception of misjoinder of parties. The present action was also filed on the last-mentioned date.

Defendant has pleaded the lapse of more than one year after the death of Brandon, before the filing of the present suit, in bar of the action, under article 2315 of the Louisiana Civil Code. Plaintiff, of course, contends that the former suit interrupted the running of the statute.

Defendant contends that the cause of action was created by the amendment of 1884 (Act No. 71 of 1884) to article 2315 of the present Code, and that it is governed alone by the limitation therein provided, and hence no other article of the Code can apply. Both parties appear to concede that the exact question has never been passed upon by the state Supreme Court, and although the Court of Appeals (the intermediate appellate court in the state, which has jurisdiction of all appeals in personal injury cases, regardless of amount, but subject to review by certiorari from the Supreme Court) for the Second Circuit of the state has upheld the contention of the defendant. Matthews v. Kansas City S. Ry. Co., 10 La. App. 382, 120 So. 907.

Inasmuch as this is not a decision of the highest court of the state, I do not feel that I am bound by its interpretation of the Louisiana statute, especially in view of decisions by the Supreme Court, which I believe are to the contrary. In the case of Blume v. City of New Orleans, 104 La. 345, 29 So. 106, 107, plaintiff had previously brought suit in the Circuit Court of the United States for the Eastern District of Louisiana, on the 28th of August, 1897, for personal injuries, alleged to have been caused on March 13, 1897, by the negligence of the city in maintaining its sidewalks. The answer to that suit was filed in April, 1898, and during the trial it was discovered that the plaintiff was a citizen of Louisiana, which deprived the federal court of jurisdiction, and her suit was dismissed on April 22, 1899. Thereupon she filed suit in the state court, more than two years after her injury. In disposing of the plea of prescription of one year under article 2315, the same as urged here, the court said:

"We have seen that March 13th is the date of the accident in question. This suit was brought in April, 1899. Previous to the last-mentioned date suit had been brought as has been already stated in our statement of the facts. Defendant charges that without plaintiff's fraudulent representations the United States circuit court would not have been imposed upon, and would not have issued citation and assumed jurisdiction. That may be quite true, and yet we find no authority in law to decide that prescription was not interrupted. The articles of the Code are imperative. Although a court may not have jurisdiction of a suit brought before it, it interrupts prescription. The legal interruption follows whether the court be competent or not. Civ. Code, arts. 3482–3484 (Rev. Civ. Code, arts. 3516, 3517). Though there may have been false representations as urged, it none the less remains that the suit was filed in the circuit court, which must be held as having interrupted prescription."

See, also, Gueble v. Town of Lafayette, 118 La. 494, 43 So. 63; Anding v. Texas & Pacific R. Co. et al., 158 La. 412, 104 So. 190; Lanis v. Illinois C. R. Co., 140 La. 1, 72 So. 788.

It is true that the Blume Case quoted from above was by the injured party herself, but I can see no reason for a different rule, either as to the action in favor of the injured person which survives in others at his death or their independent cause of action which is given in the second paragraph of article 2315. All arise from the same law or codal provision, and I think are governed by the same principle. I take it that, had the plaintiff in the Blume Case died and the suit been brought by or continued in one or more of those of her relations to whom the right of action is given in either the first or second paragraph, the same result would have followed.

Now, in the present case, the plaintiff simply made the mistake of joining in the first suit another who was injured in the same

accident. It was dismissed for misjoinder; there was no decision on the merits, and she filed the present suit on June 19, 1933, the same day that the judgment of dismissal was signed and filed. Plaintiff's husband was killed January 17, 1932, and the former suit was filed January 11, 1933, so that six days remained within which to institute the present action after the former one was dismissed. It appears to me conclusive, therefore, that if, as the state court held, prescription is interrupted by the filing of such an action in a court wholly without jurisdiction, in a manner which it was contended was a fraud upon the court, the mere misjoinder of another in the present instance could not prevent the same rule from applying here. The underlying principle in the codal provisions and the jurisprudence is that the defendant is notified judicially of the plaintiff's demand and cannot avail himself of the presumption of satisfaction or abandonment upon which prescription or limitations is founded. The plea will be overruled. Proper decree should be presented.