HIGGINS, Justice.
 

 Plaintiff instituted this action against an insurance liability carrier alone to recover damages for personal injuries and medical expenses incurred and paid in connection therewith, as a result of an alleged automobile accident on September 3, 1933, on the outskirts of the city of Chicago, 111.
 

 The petition alleges that while plaintiff was riding in the automobile of Cornelius King, as his guest, “an accident occurred within the purview of the terms of the said policy, and from which your petitioner suffered the injuries hereinafter set forth, and to which accident your petitioner in no wise contributed”; that the defendant issued its automobile indemnity policy to King, a resident of Louisiana, agreeing to indemnify him “against Toss from liability imposed by law upon the insured for damages on account of bodily injuries or death suffered by any person other than employees of the insured, as a result of any accident occurring while said policy was in force, and caused by reason of the use, ownership or management of the automobile described in the policy,” which is annexed to and made a part of the petition; that the said policy contained a stipulation pour autri, which she accepts, whereby defendant agreed to indemnify petitioner or others similarly situated; and that under Act No. 55 of 1930 a direct action is granted your petitioner against the defendant for her injuries so sustained, “under the terms of the policy and of the law.”
 

 Defendant filed exceptions of no right or cause of action on the ground that the petition failed to allege that defendant’s insured was in any way at fault.
 

 Plaintiff then filed a supplemental and amended petition, which the district judge
 
 *45
 
 authorized to he filed, alleging that David Segue was driving the car as the agent of the owner, who was likewise an occupant of the automobile with her; that at 5:30 o’clock a. m., on September 3, 1933, at the place of the accident the car was enveloped in a heavy fog; that she was asleep in the car; that, notwithstanding the dense fog, Segue operated the car at an excessive rate of speed; that he was unable to see the road ahead for a safe distance; that he lost his sense of direction and the control of the car, resulting in the car running off the road and turning over in a ditch, injuring her as set forth in detail in the original petition; and that the accident was the result of the negligence of the agent and his principal in driving the car in a careless manner.
 

 Defendant filed a plea of prescription of one year on the ground that the petition alleged that the accident occurred on September 3, 1933; “that on August 24, 1934, plaintiff sued appearer for the damages for such alleged injuries, grounding her cause of action solely and entirely on the contract of insurance issued by appearer to one Cornelius King, attached to plaintiff’s petition and made a part thereof; that on October 22, 1934, exceptor filed an exception of no right or cause of action to the plaintiff’s petition, which was obviously well taken, but, before said exception was tried, that is to say, on January 26, 1935, the plaintiff filed a supplemental and amended petition, setting up a new and different cause of action, grounding her cause of action in tort instead of on contract, which was to all intents and purposes a new suit; that the said amended and supplemental petition, which changed the nature of plaintiff’s demand, not having been filed until after one year from the date the alleged cause of action arose, the alleged claim is prescribed and barred by the lapse of one year from the .date of the alleged injury, under the laws of this State, and particularly under article 3536 of the Revised Civil Code, and ex-ceptor specially pleads prescription of one year.”
 

 The exceptions of no right or cause of action were not tried by the district judge. He sustained the plea of prescription of one year, and dismissed the plaintiff’s suit, and she appealed.
 

 The Court of Appeal stated that the sole question presented was: “In the total absence of any cause of action known to our law, does the simple service of a petition and citation interrupt the prescription of one year as to actions ex delicto under Civ. Code, art. 3536?” The court then concluded that the original petition did not state a cause of action, because the insured and his agent, who was the driver of the car, were not charged with carelessness or negligence contributing to the accident. The court then held that since the supplemental petition alleging that the defendant was at fault was filed more than one year after the date of the accident, plaintiff’s claim for damages was prescribed by one year, because the action was ex delicto and the original petition and citation did not have the effect of interrupting prescription.
 

 It appears clear to us that both the original and supplemental petitions assert one and the same right or cause of action, i. e., a claim for damages for personal in
 
 *47
 
 juries and medical expenses resulting from the alleged accident. The original and supplemental petitions deal with one and the same demand, which is essentially and fundamentally a tort action. The policy of liability insurance covers such claims by its very terms. Act No. 55 of 1930, which gives the plaintiff the right to proceed directly against the insurance carrier, expressly covers cases of this kind, i. e., actions ex delicto. The policy is incidental to the main demand which is basically a tort action, because there can be no liability either on the part of the insured or insurer, unless the insured or his agent were at fault in causing the plaintiff’s injury and loss. Metropolitan Casualty Ins. Co. of New York v. Bowdon et al., 181 La. 295, 159 So. 394; Ætna Life Ins. Co. v. Jas. A. DeJean et al., 183 La. 529, 164 So. 331; Stephenson et al. v. New Orleans Ry. & Light Co. et al., 165 La. 132, 115 So. 412; Stephenson v. List Laundry & Dry Cleaners, Inc., et al., 182 La. 383, 162 So. 19; Reeves v. Globe Indemnity Co. of New York, 182 La. 905, 162 So. 724; Huddy’s Ency. of Automobile Law, Vols. 13-14, § 319, pg. 420.
 

 This being an action ex delicto, it is clear under article 3536 of the Revised Civil Code that plaintiff’s claim is prescribed in one year, unless it can be said that the prescription was interrupted by filing the original petition.
 

 In the recent case of J. A. McCoy et al. v. Arkansas Natural Gas Co. 184 La. 101, 165 So. 632, 634, plaintiff sued to recover damages from the defendant for negligently and willfully permitting valuable gas deposit to escape from his property. The defendant filed a plea of prescription. In overruling the exception, we said:
 

 “For the purpose of disposing of the plea of prescription, we must accept as true the allegations of the continuous nature of the injury and the cause that gave rise thereto as set forth in the petition.
 

 “In the case of National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 104, 105 So. 234, we said:
 

 “‘It is not every judicial demand which will interrupt prescription, but is such demand, even though imperfectly stated, as will fairly apprise the defendant of what is demanded of him.’
 

 “On that subject-matter this court has drawn a distinction between the class of cases in which the plaintiff voluntarily dismisses his suit and the type in which he is forced to discontinue the suit by judgment of court. In the latter situation, the court has consistently held that the initial proceedings are sufficient to interrupt prescription. Flower v. O’Connor, 17 La. 213; see, alsoAnding v. Texas & P. Ry. Co. et al., 158 La. 412, 104 So. 190, and cases therein cited; B. J. Wolf & Sons v. New Orleans Tailor-Made Pants Co., 110 La. 427, 34 So. 590, and cases cited therein.
 

 “We are therefore of the opinion that the petition filed by plaintiffs on April 23, 1931, though the cause of action was imperfectly stated, was sufficient to apprise the defendant of the nature of the demand and was notice to it that the plaintiffs intended to assert the same and therefore was sufficient to interrupt prescription.”
 

 
 *49
 
 There is no doubt that the original petition of the plaintiff apprised the defendant of the nature of the plaintiff’s claim or demand.
 

 It is obvious that, if the plaintiff’s original petition fails to state a cause of action, this is due solely and only to lack of allegations. This is, conclusively shown by virtue of the fact that by the simple allegations of negligence on the part of the insured and his agent, the ground upon which the exceptions of no right or cause of action were founded was eliminated. In short, plaintiff’s demand or action was originally imperfectly stated, although it fully placed the defendant on its guard as to the nature and character of the claim.
 

 Article 419 of the Code of Practice provides :
 

 “After issue joined, the plaintiff may, with the leave of the court, amend his original petition; provided the amendment does not alter the substance of his demand by making it different from the one originally brought.”
 

 In construing this article, this court, in the case of Petitpain v. Frey et al., 15 La. 195, 199, said:
 

 “The object of article 419, of the Code of Practice, was to prevent new causes of action from being put in a petition which might vary and change entirely the nature of the issue joined; * * * one of the tests for ascertaining whether the substance of a demand is changed by an amendment, is to inquire whether the matters set forth in the two petitions, could have been cumulated in one.”
 

 Surely, the allegations contained in the supplemental petition could be cumulated with those contained in the original petition, since they were not in any way contradictory.
 

 The basis of the decision of the Court of Appeal is the doctrine that a petition which does not state a cause of action is no petition at all, and, therefore, cannot effect an interruption of prescription. This reasoning is the same as that invoked in upholding the theory that a petition which states no cause of action is not a petition and cannot be amended. West Orleans Beach Corporation v. Martinez (1934) 180 La. 31, 156 So. 165; Tremont Lumber Company v. May, Assessor, et al., 143 La. 389, 395, 78 So. 650; State v. Hackley, Hume
 
 &
 
 Joyce, 124 La. 854, 50 So. 772; and Abadie v. Berges, 41 La.Ann. 281, 6 So. 529.
 

 The decisions of this court on this question are in conflict. The early cases held that the amendment could be made. Later, from 1880 to 1922, the decisions were just the contrary, but from the year of 1922 to the year 1934, we uniformly held that where a petition failed to state a cause of action, due to insufficient allegations, an amendment would be allowed. In some of the cases the courts permitted the amendment even after the exception of no right or cause of action had been sustained. Kunnes v. Kogos, 168 La. 682, 123 So. 122, 65 A.L.R. 706; Tulane Law Review, vol. 9, note 134; Wolff v. Hibernia Bank & Trust Co., 161 La. 348, 108 So. 667; Shipp v. Bordelon, 152 La. 795, 94 So. 399; Goldman v. North British Mercantile Co., 48 La.Ann. 223, 19 So. 132; Eames v. Alexandria Contracting
 
 *51
 
 Co. (La.App.1934) 154 So. 510; Faulkner v. Milner-Fuller (La.App.1934) 154 So. 507; Penton v. Fisher (La.App.1934) 155 So. 35; Tulane Law Review, Vol. 9, pp. 50, 51; Beneficial Loan Soc. v. Strauss (La.App.1933) 148 So. 85; Federal Schools v. Kuntz (1931) 16 La.App. 289, 134 So. 118; Horrell v. Gulf & Valley Cotton Oil Co. (1930) 15 La.App. 603, 131 So. 709; Cazeaux v. New Orleans Public Service, (1929) 14 La.App. 320, 124 So. 685; Wheeler v. Rodriguez (1930) 13 La.App. 97, 126 So. 715; Harrison v. Loyocano (1929) 12 La.App. 228, 125 So. 140; Francis v. Barbazon (1929) 10 La.App. 55, 120 So. 427; Owens v. Woods (1928) 8 La.App. 250; Cambas v. Burney (1928) 8 La.App. 206; Blake v. Jefferson-St. Charles Transfer Co. (1927) 8 La.App. 310; Harries v. Courcier (1925) 2 La.App. 134; Supervisor of Public Accounts v. Bernard (La.App.1933) 150 So. 672; Unity Plan Finance Co. v. Green (La.App.1933) 148 So. 297, 299; Iberville Trust & Savings Bank v. City Cafe (La.App.1933) 150 So. 95; Harris v. Louisiana State Normal College (1931) 18 La.App. 270, 134 So. 308, 138 So. 182; Self v. Great Atlantic & Pacific Tea Co., 178 La. 240, 151 So. 193; James v. City of New Orleans, 151 La. 480, 91 So. 846-848; McCubbin v. Hastings, 27 La.Ann. 713; 11 Hennen, p. 182, verbo “Pleading,” Amendment IX, No. 22.
 

 This conclusion is not only in accord with the weight of authority, but consonant with considerations of equity and the modern trend of liberality in upholding substantive rights instead of subtle technicalities. We may further note that this is in keeping with the legislative views as expressed in Act No. 39 of 1932, which provides “that the filing of a suit in a court of competent jurisdiction shall interrupt' all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.” Section 1. We, therefore, overrule the case of West Orleans Beach Corporation v. Martinez, supra.
 

 In McCubbin v. Hastings, supra, 27 La.Ann. 713, at page 715, the court disposed of the identical argument presented here in the following language:
 

 “The defendant filed a peremptory exception to plaintiff’s demand, on the ground that the petition disclosed no cause of action. This exception was filed after the jury had been impanneled. The grounds upon which it rests are, first, ‘because it is not alleged that the damage complained of was suffered through the fault of the defendant, and it is necessary it should be alleged to be the defendant’s fault before that fact could be proved,’ and second, ‘because it (the petition) does not state that the defendant, as employer, might have prevented the act which caused the damage, and did not do it.’ The exception was sustained, but the plaintiff was allowed to amend. Plaintiff excepted to the ruling of the court which maintained the exception. Defendant excepted to the order allowing plaintiff to amend. Both rulings were correct. The exception was a peremptory one and could be pleaded at any time during the progress of the trial. Amendments are always allowed in the discretion of the court.
 

 “After the amendment was made, defendant then pleaded the .prescription of one year. The plea was • properly overruled.
 
 *53
 
 The demand was made within the year of the alleged tort. The demand is the test, and not the sufficiency of the allegations which support it.”
 

 The cases following the McCubbin Case and supporting the above doctrine are: Anding v. Texas & P. R. Co., 158 La. 412, Syl. 2, 104 So. 190; Commercial Nat. Bank v. Smith, 150 La. 234, 239, 90 So. 581; St. Louis Southwestern R. Co. v. Bolinger & Co. (C.C.A.)
 
 17
 
 F. (2d) 924; James v. City of New Orleans, 151 La. 480, 91 So. 846; Petty v. Jones, 10 La.App. 409, 121 So. 372; Brandon v. Kansas City Southern R. Co. (D.C.)
 
 7
 
 F.Supp. 1008; Lanis v. Illinois Cent. R. Co., 140 La. 1,
 
 72
 
 So. 788; Blanc v. Dupre, 36 La.Ann. 847; B. J. Wolf & Sons v. Pants Co., 110 La. 427, 34 So. 590; Kunnes v. Kogos, 168 La. 682, 123 So. 122, 65 A.L.R. 706; Gueble v. Town of Lafayette, 118 La. 494, 43 So. 63; White v. McQuillan, 12 La. 530; Flower v. O’Connor, 17 La. 213; article 3518, Rev.Civ.Code.
 

 This view is also in harmony with the well-established jurisprudence to the effect that where a citation is so fatally defective that it does not give the court jurisdiction of the defendant so as to form the basis of a judgment, nevertheless it is sufficient to interrupt prescription. Anding v. Texas & P. R. Co., 158 La. 412, 104 So. 190.
 

 It is our opinion that the original petition of the plaintiff, even though it be held to imperfectly set forth a cause of action ex delicto, sufficiently apprised the defendant of the nature of the plaintiff’s claim or demand, so as to have the effect of interrupting prescription.
 

 For the reasons assigned, the writ of certiorari is perpetuated, and the judgments of the Court of Appeal and the district court sustaining the plea of prescription of one year are annulled and set aside, and the plea of prescription is now overruled, and the case remanded to the district court for further proceedings, according to law and the views herein expressed; defendant to pay the costs of this court and the Court of Appeal, and all other costs to await final determination of the case.
 

 O’NIELL, C. J., absent.