McDONALD, J.
Concurring:
hAnd so the discussion continues without a resolution visible on the horizon. Is *429 the question of whether a defect or hazardous condition is “open and obvious” a question of law or fact? If it is “open and obvious” to everyone, does that free the owner or custodian from a duty to warn? Or, is there still a duty to warn, but there is no breach of this duty since the condition is “open and obvious” to everyone? If it is a legal question, then the judge decides it; if it is factual, then the trier of fact decides whether it is “open and obvious” and how to apportion fault if necessary. In spite of various decisions attempting to resolve this issue after Broussard v. State ex rel. Office of State Bldgs., 12-1238 (La. 4/5/13), 113 So.3d 175, I believe it remains unresolved as questioned by my colleague in his concurrence. Also see Temple v. Morgan, 15-1159 (La.App. 1 Cir. 6/3/16), 196 So.3d 71, writ denied, 16-1255 (La. 10/28/16), 208 So.3d 889, 2016 WL 6777472.
However, in the present case I do not believe the “open and obvious” issue needs to be addressed because I do not believe the plaintiff has proven the threshold issue that a defect exists. The curb at Walk-On’s is an ordinary curb transitioning from a parking lot to a sidewalk as found all over this city, state, and country. The elevation change acts as a parking bumper for cars parked in the lot. |2It is similar to the one at the front of this courthouse. I do not believe the mere existence of this type of parking lot transition creates a defect or hazardous condition. Plaintiff filed the preliminary report of a forensic architect in an attempt to prove this critical point. However, I agree that this report is woefully inadequate and virtually useless.